SLOAN, *Appellant*, v. THE OWENS, LANE & DYER MACHINE
COMPANY.

**Acknowledgment of Partnership Instrument.** A certificate of acknowledgment of an instrument executed in the name of a firm, should show by which member of the firm the signature was made and acknowledged. If the signing and acknowledgment purport to have been done by the firm and in the firm name, the instrument will not be entitled to record.

*Appeal from Cedar Circuit Court.*—HON. J. D. PARKINSON
Judge.

AFFIRMED.

*R. F. Buller* for appellant, cited *Alexander v. Merry*, 9 Mo. 514; *Keck v. Fisher*, 58 Mo. 532; *Orr v. How*, 55 Mo. 328; *Grubbs v. Cones*, 57 Mo. 83.

*Stratton & Tracy* for respondent.

NORTON. J.—On the trial of this cause plaintiff offered in evidence a deed of mortgage to certain personal property signed as follows: "McKinney & Frieze," [Seal.] To this mortgage was appended the following certificate, viz: "State of Missouri, county of Dade, ss. Be it remembered that this day personally appeared before me, a justice of the peace in and for said county, McKinney & Frieze, who are personally known to me to be the same who have subscribed their names to the foregoing instrument of writing, and acknowledged the same to be their voluntary act for purposes therein set forth. Dated this 5th day of January, 1872." This evidence was excluded by the court on the ground that the certificate of acknowledgment was defective in not showing that the execution of the mortgage was acknowledged by some one of the persons composing the firm of McKinney & Frieze. It appears from extrinsic evidence, or rather from evidence not apparent on the face of the deed, that one James L. McKinney and L. W. Frieze were partners, doing business under the name of McKinney & Frieze. The name thus adopted by them was entirely conventional, and it is well settled that they could neither sue nor be sued in such name, and that in either case the names of the persons composing the firm would have to be set out.

Had suit been instituted to foreclose the said mortgage, the plaintiff would have been required to allege in his petition that James L. McKinney and L. W. Frieze, doing business as partners under the name and style of McKinney & Frieze, executed by that name the said mortgage, and if its execution was denied, proof of its execution by one of the firm would be necessary. If in a suit to

foreclose the mortgage the plaintiff would have been compelled to allege and prove, when the fact was denied, that the partnership name was affixed to the instrument by some member of the firm, it would seem to follow that the certificate of the officer certifying to its acknowledgment, in order to be sufficient, should show upon its face that it was acknowledged by some member of the firm, giving his name.

The proper form of a certificate of acknowledgment to a deed executed in the partnership name relating to personal property, is. given in the case of *Keck v. Fisher*, 58 Mo. 532. In that case the instrument was signed "H. Helmreich & Co.;" the form of the certificate was as follows: "Be it remembered that H. Helmreich & Co., by Charles Baber, of the firm of H. Helmreich & Co., who is personally known    *    *    to be the person who subscribed the foregoing as a party thereto, appeared before me and acknowledged that he executed and delivered the same for the uses and purposes therein mentioned." This certificate was held to be sufficient. We apprehend that if the certificate of the officer in that case had simply stated that "Helmreich & Co." personally appeared and acknowledged the same, it would have been held insufficient.

The certificate before us not showing on its face that the acknowledgment was made by a member of the firm, was insufficient to admit the instrument to which it was appended to record, so as to impart notice to third parties, and for this defect we think it was properly excluded as evidence. Judgment affirmed, in which the other judges concur.