| 56 | 159 |
| 87 | 54 |

---

[No. 6,832.—Department One.]
## PHILIP FABIAN & CO. v. JOHN CALLAHAN.

EXECUTION OF CONTRACT.—It was objected, on demurrer to the complaint, that the contract therein set out (and stated below) was signed by one of the parties only, and was, therefore, incompletely executed; *held*, that the contract was complete, and the demurrer, therefore, properly overruled.

CERTIFICATE OF PARTNERSHIP — ACKNOWLEDGMENT. — No particular form of acknowledgment is required by § 2468 of the Civil Code; but any form is sufficient which indicates that the partners have acknowledged, before the proper officer, the instrument to be theirs.

ID.—ID.—EVIDENCE—OFFICER. — Parol evidence is admissible to prove that a party was an acting justice of the peace at the time of taking the acknowledgment to a certificate of partnership.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Fifth District Court, County of San Joaquin. BOOKER, J.

The complaint alleges that the defendant made and entered into an express contract in writing, for value received from plaintiffs, in the words and figures following, to wit:

"This agreement, made and entered into   *   *   *   between P. Fabian & Co.   *   *   *   and John Callahan,   *   *   *   whereas the party of the first part, named P. Fabian & Co., are holding a certain mortgage, dated   *   *   *   in the sum of $1037.23, which I agree to pay to P. Fabian & Co. on or before the first day of May, 1878.   *   *   *   Said mortgage is on a band of sheep formerly belonging to McLaughlin and Mournin.

JOHN CALLAHAN."

That said note or contract was made in consideration of plaintiffs releasing their claim upon the band of sheep therein named, which were then in the possession of the plaintiff; and that, in consideration of the defendant's promise, the plaintiffs did release their claim upon the said sheep, and delivered them to the defendant. The acknowledgment to the certificate of partnership was as follows: "Acknowledged before me, W. B. Hays, justice of the peace in and for Tulare Township, San Joaquin County, State of California.     W. B. HAY, J. P."

October 16th, 1864.

*F. T. Baldwin*, and *J. C. Campbell*, for Appellant.

The contract was intended to be signed by both parties, and was therefore incompletely executed. (*Barber* v. *Burrows*, 51 Cal. 406; *Tewksbury* v. *O' Connell*, 21 id. 60.)

The certificate of partnership was not properly acknowledged, and is therefore void. (C. C. §§ 1189, 2468.)

*G. E. McStay*, for Respondents.

McKEE, J.:

This was an action to recover the amount of an agreement in writing, made by the defendant to the plaintiff, for the sum of ten hundred and thirty-seven dollars, with interest thereon at one and a-half per cent. per month. Plaintiff had judgment; and from the judgment, and an order denying a motion for a new trial, comes this appeal.

There are in the record what purports to be a notice of intention to move for a new trial, and an engrossed statement. The notice designates that the motion will be made upon two grounds; namely, insufficiency of the evidence to justify the "*judgment*," and errors of law occurring at the trial, and excepted to by the defendant. But it does not designate whether the *motion* will be made upon affidavits, or the minutes of the Court, or a bill of exceptions, or a statement of the case. It was, therefore, defective.

The statement contains the agreement in suit, the certificate of partnership of the plaintiffs with its acknowledgment, and

the objections which were made to the introduction of these documents as evidence on the trial of the case, with the rulings of the Court thereon; and these rulings are assigned as errors.

The errors are, that the Court erred in admitting in evidence the agreement in suit, the certificate of partnership, and of the acknowledgment thereto ; and in admitting parol testimony of the official position of the officer who took the acknowledgment.

As to the first assignment of error, the plaintiff offered in evidence the contract referred to in the complaint in the case; it was objected that it was inadmissible, because it was not signed by both parties; the objection was overruled, and the defendant did *not* except to the ruling.

As to the second, when the plaintiffs offered in evidence the certificate of partnership, the defendant objected that it was irrelevant, immaterial, and incompetent, and that it was not acknowledged according to law. The objection was overruled, and the defendant excepted. The making and publication of the certificate was admitted or proved. The evidence was certainly relevant, material, and competent, for the purpose of proving what the defendant had denied by his answer, that the plaintiffs had complied with the provisions of § 2466 of the Civil Code. The certificate was acknowledged before a justice of the peace. It is not contended that a justice of the peace is not one of the officers mentioned in § 2468 of the Civil Code before whom the certificate of partnership may be acknowledged. But when the certificate of acknowledgment was offered in evidence, the defendant objected to its admission; the objection was overruled, and the defendant excepted. In overruling this last objection there was no error, because there was no valid objection to the evidence; that is to say, the defendant objected without stating any grounds of objection. The evidence was competent, and to entitle an objection to an offer of competent evidence to notice, it must not only be on a material matter, affecting the substantial rights of the parties, but its point must· be particularly stated. As has been said, the party must lay his finger on the point of his objection to the admission of evidence (*Kiler* v. *Kimball*, 10 Cal. 268; *Martin* v. *Travers*, 12 id. 243), unless it is absolutely incompetent. (*Nightingale* v. *Scannell*, 18 Cal. 324.) Besides, the acknowledgment itself

was sufficient. No particular form of acknowledgment to a certificate of partnership is required by the Code.

There was no error in allowing parol testimony to prove that the witness was an acting justice of the peace at the time of taking the acknowledgment to the instrument offered in evidence.

But the statement itself shows that it was made and filed by the defendant, as his statement in support of his motion for a new trial. It is certified by the judge that it was submitted to him, and the same is correct; but he does not certify that it was settled and allowed. Nor does the statement show any of the evidence which was given on the trial, or point out the particulars in which any evidence was insufficient. A specification of such particulars is an essential part of the statement (Cal. Rep. *passim*); and without it, there is nothing for the Court to review.

Upon the judgment roll there appears no error.

Judgment and order affirmed.

Ross, J. concurred.

McKinstry, J., concurring:

I concur in the judgment. I assume (without expressing any opinion on the subject) the statement to have been properly settled.

Section 2468 of the Civil Code requires the certificate therein mentioned to " be acknowledged before some officer authorized to take the acknowledgment of conveyance of real property "; but this language does not necessarily imply that the acknowledgment shall be in the *form* provided for acknowledgments of the execution of conveyances of real property.

The purpose of an acknowledgment of conveyance is to prepare it for *record*. The partnership certificates are *filed* with the *county clerk*, not registered by the recorder. Their form is not fixed by statute; and, in my opinion, any form is sufficient which indicates that the partners have acknowledged (before the proper officer) the instrument to be theirs.