THE LEON & H. BLUM LAND COMPANY V. T. L. DUNLAP.

No. 1573.

1. **Acknowledgment of Deed of a Partnership.** — A deed purporting to be made by a firm should be acknowledged by one of the members. See opinion for certificate of acknowledgment held sufficient.

2. **Deed—Description—Excess in Survey.**—Where a deed contains a definite description of the land conveyed, by field notes giving metes and bounds, with marked corners, the description is not vitiated by the fact that the number of acres which would seem (by calculation) to be included in the field notes considerably exceeds the number called for in the body of the deed.

3. **Practice—Exhibits to Statement of Facts.**—The contents of a deed may be shown in the record on appeal by attaching a copy of the deed as an exhibit to the statement of facts; and the bill of exceptions and statement of facts will be considered together in determining whether the deed is sufficiently identified.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*N. R. Morgan*, for appellant.—1. The deed of Leon & H. Blum to appellant, signed in the firm name, and then duly acknowledged by one of the partners of the firm, before a proper officer, was a sufficient deed in law to convey the land of the firm, and was sufficiently acknowledged. Rev. Stats., arts. 4306, 4312; Frost v. Wolf, 77 Texas, 455; Baldwin v. Richardson, 33 Texas, 16; Lowery v. Drew, 18 Texas, 786; Story on Part., 119, 121, 122; Story's Eq. Jur., sec. 674.

2. The court erred in sustaining objections to the deed of Leon & H. Blum to plaintiff, because the deed fully and specifically describes the John S. Brown survey in Bosque County, Texas, stating the date of the

patent, and to whom patented, and giving intelligent field notes. Rev.
Stats., arts. 548–552; Cawley v. Stanfield, 10 Texas, 546; Flannagan v.
Boggess, 46 Texas, 335.

*James M. Robertson*, for appellee.—There is a deed copied in the rec-
ord, after the signature of the judge, but it is not copied in the statement
of facts, nor does it appear to be the deed to which the bill of exceptions
was intended to apply.   Dist. Ct. Rule 72a.

HEAD, Associate Justice.—This suit was instituted by appellant, as
plaintiff in the court below, to recover of appellee 767½ acres, a part of a
survey in the name of John S. Brown.   The statement of facts and bill
of exceptions show that appellant, in attempting to deraign its title, in-
troduced in evidence a regular chain of transfers from the State to Leon
& H. Blum, and then offered a deed reciting, that " we, Leon Blum and
Sylvan Blum, of the city of Galveston, and Hyman Blum, of the city of
New York, partners composing the firm of Leon & H. Blum, of the city
of Galveston, for and in consideration of $2918, to us paid by the Leon
& H. Blum Land Company, have bargained, aliened, and sold, and by
these presents do bargain, sell, alien, and confirm, unto the said The Leon
& H. Blum Land Company, all our right, title, interest, and estate in and
to the following described premises, viz., that certain tract or parcel of
land lying and being in the county of Bosque, State of Texas, containing
1535 acres of land, being the headright survey of John S. Brown, granted
to him by patent bearing date the 20th day of January, 1853, which said
headright is bounded and described as follows:   Lying and being situated
between Spring Creek and Main Bosque, about eight miles above the
mouth of Meridian Creek, beginning at the northeast corner of a survey
for L. W. Smith, assignee of Lavin Lago, from which a post oak marked
V bears south 9° west 9 varas, another marked T bears north 71° west
5 varas; thence north 30° west 3256 varas to corner, from which a Span-
ish oak marked X bears south 4° east 3 varas, another marked I bears
north 83° east 2¼ varas; thence south 60° west 3400 varas to corner, from
which a post oak marked W bears south 55° west —— varas, another marked
X bears south 30° east 3 varas; thence south 30° east 2150 varas to a
branch, 3256 varas to corner, from which a live oak marked V bears south
87° east 57 varas; thence north 60° east 490 varas to a branch, 2900
varas to another, 3400 varas to the beginning."   This deed is signed
" Leon & H. Blum," and has the following acknowledgment:

"*State of Texas, County of Galveston.*— Before me, J. W. Jackson, a
notary public in and for said county and State, this day personally ap-
peared Leon & H. Blum, by Sylvan Blum, partner of said firm, known
to me to be the person whose name is subscribed to the foregoing instru-

ment, and acknowledged to me that he executed the same for the purposes and considerations therein expressed. .

"Given under my hand and seal of office, at Galveston, Texas, this 15th day of May, A. D. 1885.

"J. W. JACKSON,

"Notary Public in and for Galveston County, Texas."

To the introduction of said deed appellee objected, as appears from the bill of exceptions, because "the deed to plaintiff was not acknowledged as required by law, and that the description of the land was too vague and indefinite; that it fails to describe any land." These objections were sustained by the court, and judgment rendered for appellee.

We believe the court erred in excluding this deed. The objection to the acknowledgment was too general, and should not have been entertained by the court, without requiring appellee to specify the particular defect relied upon by him. We have, however, examined the acknowledment, and think it in substantial compliance with the law. A deed purporting to be made by a firm should be acknowledged by one of the members. 1 Dev. on Deeds, sec. 645; Sloan v. Owens, 70 Mo., 206. In the note to Webb on Record of Title, section 57, we also have reference to McCoy v. Baley, 21 Florida, 803, as being in point, but we have not access to this volume.

In Baldwin v. Richardson & Co., 33 Texas, 16, it was held, that proof by a subscribing witness that he saw "Richardson & Co. sign the same" was sufficient to admit the deed to registration. To this decision, however, Morrill, Chief Justice, dissented, upon the ground that the acknowledgment should have named the member of the firm who signed.

The deed here upon its face showed that Sylvan Blum, who acknowledged the deed, was a member of the firm whose act it purported to be; and if this had not already been shown to be a fact by the deed under which Leon & H. Blum claimed (as to which we are not advised by the statement of facts), the deed should nevertheless have been admitted and appellee allowed to make this proof by other evidence.

The extent to which one member of a firm has power by deed to convey its land has been so fully considered in this State that we will not undertake to add to what has already been said. Frost v. Wolf, 77 Texas, 455, and authorities there cited.

The objection to the deed on account of a supposed defective description of the land attempted to be conveyed, we think still less tenable than the one to the acknowledgment. We think an inspection of the description of the land, as contained in the deed and copied above, will show it to be more than ordinarily full and definite. We attach no importance to the fact that the number of acres which would seem to be included in the field notes considerably exceeds 1535, the number called

for in the body of the deed. The deed would convey all the interest of the makers in the land embraced in the field notes, whether it be more or less than 1535 acres.

We see no objection to attaching copies of instruments as exhibits to a statement of facts, as was done of this deed. Also, we think the deed objected to was sufficiently identified, when we consider the bill of exceptions and statement of facts together.

The judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 11, 1893.