[No. 2675.   May 2, 1925.   Rehearing
Denied Oct. 10, 1925.]

BYERS BROS. & CO. LIVE STOCK COMMISSION
CORPORATION v. McKENZIE et al.

### SYLLABUS BY THE COURT

1.   Certificate of acknowledgment to a chattel mortgage examined, and held to comply with the statute substantially, and therefore to entitle the instrument to registration.

2.   Finding of trial court suported by substantial evidence will not be reveiwed on appeal.

3.   Estoppel urged by mortgagor against mortgagee examined and held untenable.

Appeal from District Court, De Baca County; Bratton, Judge.

Action by Byers Bros. & Co. Live Stock Commission Corporation, against R. E. McKenzie and others. From a decree for plaintiff, defendants E. W. & R. E. McKenzie, a copartnership, appeals.   Affirmed.

H. R. Parsons, of Ft. Sumner, for appellant.

L. O. Fullen of Roswell and W. A. Dunn of Huntington Beach, Calif., for appellee.

### OPINION OF THE COURT

RYAN, District Judge.   On June 23, 1919, H. B. Reed & Son, a copartnership, executed and delivered to Byers Bros. & Co., a corporation, a chattel mortgage covering, among other live stock therein described, 250 head of steers branded in the Tumble Seven brand, securing the payment of a large indebtedness evidenced by promissory notes, most of which were renewals of notes previously given.   Suit was instituted in the

district court of De Baca county, July, 1920, to foreclose this mortgage, and in this action the appellants, the McKenzie copartnership, were made parties defendant on the allegation that they purchased from one H. C. Roberts, another defendant, 72 head of cattle which the latter purchased from the mortgagor during the life of the mortgage, without the consent of the mortgagee and with constructive notice. These cattle were alleged to be part of the 250 head in the Tumble Seven brand, and at the time of the execution of the mortgage were described as being two and three years old, a description which gave rise to much of the conflict in the testimony as to whether they were wholly covered by the mortgage. A decree was entered by the district court for the sale of these cattle, together with those in the possession of the mortgagor and from such decree the McKenzie copartnership has perfected this appeal.

The grounds urged by the appellant for a reversal of a decree of the lower court are these: (1) That the mortgage was defectively executed so that the purchaser Roberts had no constructive notice of the mortgage, it being admitted that he had no actual notice; (2) that the cattle purchased by Roberts were not covered by the mortgage; (3) that the mortgage consented to the sale; (4) that the proceeds of the sale, having been exclusively devoted to the running of all the cattle mortgaged, and the mortgagor having no other funds available for that purpose so that the use of the proceeds of the sale was necessary to the preservation of the security, the mortgagee is stopped from repossessing the cattle sold since he cannot both utilize the proceeds of the sale and repossess the thing sold.

[1] The following is the acknowledgment of the chattel mortgage by the Reed Copartnership, which appellants say was so defective as not to have entitled it to registration, though accepted for that purpose by the county clerk of De Baca county:

"State of Missouri, County of Jackson—ss.:

"Before me, a notary public in and for the county of

Jackson, in the state of Missouri, on this day personally appeared H. B. Reed for H. B. Reed & Son, a copartnership, known to me to be the persons whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office this the 23rd. day of June, A. D. 1919.

"My commission expires December 13, 1919.
"Bess M. Lewis, Notary Public."

It is conceded by appellant that a substantial compliance with the statute in regard to acknowledgment is sufficient. The statute provides that "the certificate of acknowledgment shall express the fact of the acknowledgment being made, and also that the person making the same was personally known" to the official "granting the certificate to be the person whose name is subscribed to the" instrument. Section 8, Code 1915.

Section 9, Code 1915, states further several forms of acknowledgment. None of the forms provided by this section of the statute relates to an acknowledgment by a copartnership. One of the forms provided is in case of natural persons acting by attorney acknowledged. that he executed the instrument as the free act and deed of his principal. Appellant maintains that this section applies to partnership acknowledgments, and the acknowledgment we are not concerned with is fatally defective because of the omission of the recital that H. B. Reed the person acknowledging, acknowledged the execution of the same as the free act and deed of the copartnership. It is our opinion that none of the forms provided by the statute refers to partnerships. The form used in this case expresses the fact of the acknowledgment being made, and also that the person making it was known to the official making the acknowledgment. Similar acknowledgments under statutes practically identical have been considered in other states and upheld as valid. Citizens' National Bank et al. v. Johnson et al., 79 Iowa, 290, 44 N. W. 551; Fabian & Co. v. Callahan, 56 Cal. 159; Blum Land Co. v. Dunlap, 4 Tex. Civ. App. 315, 23 S. W. 473; Sloan v. Machine Co., 70 Mo. 206; Keck, Trustee,

v. Fisher, Adm'r., 58 Mo. 532; Hanson v. Metcalf, 46 Minn. 25, 48 N. W. 441; Trerise v. Bottego, 32 Mont. 244, 79 P. 1057, 108 Am. St. Rep. 521. note; Finance Co. v. Cotton Mills Co., 29 A. L. R. 916 note; 1 Devlin on Deeds, §§ 469, 524; 1 R. C. L. § 69. The acknowledgment was good and entitled the instrument to registration.

[**2**] The second and third points argued by appellant are untenable. The trial court found specifically against them and the findings are supported by substantial evidence.

[**3**] The fourth point, that of estoppel, appellant rests upon the case of Etheridge v. Hilliard, decided by the Supreme Court of North Carolina, 100 N. C. 250. 6 S. E. 571. We do not think the facts in that case are here relevant. In the cited case the mortgagor was expressly authorized by the mortgage to prepare and house for market the cotton crop mortgaged. The court held that such a direction to the mortgagor carried an implied authorization to him to use such means as were necessary to the purpose authorized and hence to sell part of the mortgaged crop; the mortgagor being without other financial means. There is no such direction to the mortgagor from the mortgagee in this case, from which consent to a sale might be implied, nor is there evidence of any act on the part of the mortgagee as to which honest and fair dealing would deny to him the right to receive the benefits and at the same time repudiate the disadvantages.

The evidence in this case is that the mortgagee had been making advancements to the mortgagor for the running of the cattle and thereafter notified the mortgagor that he would discontinue so doing and that he (the mortgagor) would "therefore have to make arrangements down there to take care of the expense money." This was not an authorization to sell, as the trial court correctly held, either expressly, or by implication. If the mortgagor was unable financially to run the cattle and preserve the security, it

was his duty to surrender the cattle mortgaged to the mortgagee. The terms of a chattel mortgage may be waived by some act of the mortgagee; they do not yield to the convenience of the mortgagor or become inoperative because he is confronted by circumstances of distress. We find no error in the record.

The decree of the lower court will be affirmed, and it is so ordered.

PARKER, C. J., concurs.