Shawn G. KELLEY and Annemarie
Kelley, Debtors.

Steven Weiss, Chapter 7 Trustee,
Plaintiff–Appellant,

v.

Wells Fargo Bank, N.A.,
Defendant–Appellee.

BAP No. MS 13–012.
Bankruptcy No. 12–30538–HJB.
Adversary No. 12–03013–HJB.

United States Bankruptcy Appellate Panel
of the First Circuit.

Oct. 1, 2013.

Steven Weiss, Esq., and L. Alexandra Hogan, Esq., Springfield, MA, on brief for Plaintiff–Appellant.

Peter J. Haley, Esq., and David E. Fialkow, Esq., Boston, MA, on brief for Defendant–Appellee.

Before HAINES, DEASY, and GODOY, United States Bankruptcy Appellate Panel Judges.

GODOY, Bankruptcy Judge.

Steven Weiss, the chapter 7 trustee (the "Trustee"), appeals from: (1) a bankruptcy court order denying his motion for summary judgment against Wells Fargo Bank, N.A. ("Wells Fargo") on his complaint seeking to avoid a certain mortgage granted by the debtors to Wells Fargo, because of an allegedly defective acknowledgment; and (2) granting Wells Fargo's cross-motion for summary judgment. For the reasons set forth below, we **REVERSE** the orders of the bankruptcy court and **RE-MAND** to the bankruptcy court for the

entry of orders consistent with this opinion.

## BACKGROUND

Shawn G. Kelley and Annemarie Kelley (the "Debtors") own real property located in Chicopee, Massachusetts (the "Property"). On June 11, 2007, the Debtors executed a Limited Power of Attorney, whereby they designated Shannon Obringer ("Obringer"), among others, as their "Agent" or "Attorney in Fact" to effectuate a refinancing of the Property with Wachovia Mortgage Corporation (now Wells Fargo, by virtue of a merger). The Debtors executed the Limited Power of Attorney in Holyoke, Massachusetts. On the same date, in Allegheny County, Pennsylvania, Obringer executed on their behalf a $280,000.00 mortgage (the "Mortgage") on the Property in favor of Wachovia Mortgage Corporation.[1]

Obringer signed the Mortgage for Shawn as follows: "Shawn G. Kelley by Shannon Obringer as attorney in fact." She executed the Mortgage on behalf of Annemarie similarly: "Annemarie Kelley by Shannon Obringer as attorney in fact."

The acknowledgment, which was affixed to the Mortgage immediately following and on the same page as the Debtors' proxy signatures, recites:

**COMMONWEALTH OF** ~~**MASSACHU-SETTS**~~, Pennsylvania, Allegheny County ss:

On this 11 day of June 2007, before me, the undersigned notary public, personally appeared Shawn G. Kelley and Annemarie Kelley by Shannon Obringer as Attorney in Fact

proved to me through satisfactory evidence of identification which was/were [left blank]

to be the person(s) whose name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

My Commission Expires: 10.4.09

/s/ Magda Esposito

Notary Public

(Seal)

The Debtors filed a voluntary petition for chapter 7 relief in the United States Bankruptcy Court for the District of Massachusetts in April 2012. Thereafter, the Trustee filed a two-count adversary complaint against Wells Fargo, alleging that the acknowledgment affixed to the Mortgage was defective because: (1) it stated that the Debtors appeared before the notary public when, in fact, they did not; and (2) it failed to state that Obringer personally appeared before the notary public and signed the Mortgage on behalf of the Debtors as their free act and deed.[2] Accordingly, in Count I, he asked the court to "determine the validity, priority and extent of the Mortgage as a lien on the Property and issue an order avoiding the Mortgage," pursuant to §§ 506(d) and 544 and Bankruptcy Rule 7001(2).[3] In Count II,

---

1. The parties used a "Fannie Mae/Freddie Mac Massachusetts" preprinted form.

2. The Trustee also alleged that because Obringer was not in receipt of the actual power of attorney on the date that she executed the Mortgage, her execution was unauthorized. Because the Trustee did not pursue this claim in the proceedings below or on appeal, we need not address it herein. *See Evans Cabinet Corp. v. Kitchen Int'l, Inc.,* 593

F.3d 135, 148 n. 20 (1st Cir.2010) (stating argument not raised in opening brief is waived).

3. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.,* as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all

he asked the court to "preserve the Mortgage for the benefit of the estate." [4]

Wells Fargo filed an answer, and the Trustee then moved for summary judgment as to both counts of the complaint. In his accompanying memorandum of law, the Trustee argued that Massachusetts law imposes a stringent requirement that a grantor or mortgagor express that the execution of the instrument was his or her free act and deed. Accordingly, he maintained that the acknowledgment in this case was materially defective because it "create[d] confusion and uncertainty as to whether the document was signed voluntarily by Ms. Obringer or by the Debtors." Asserting the status of a bona fide purchaser under § 544(a)(3), the Trustee contended that he was entitled to judgment as a matter of law. In support, he relied on a line of cases highlighted by *Agin v. Mortg. Elec. Registration Sys., Inc. (In re Giroux)*, Adv. No. 08–1261, 2009 WL 1458173 (Bankr.D.Mass. May 21, 2009), *aff'd*, No. 09–CV–10988–PBS, 2009 WL 3834002 (D.Mass. Nov. 17, 2009); *Agin v. Mortg. Elec. Registration Sys., Inc. (In re Bower)*, Adv. No. 10–1092, 2010 WL 4023396 (Bankr.D.Mass. Oct. 13, 2010); and *DeGiacomo v. CitiMortgage, Inc. (In re Nistad)*, Adv. No. 11–1179, 2012 WL 272750 (Bankr.D.Mass. Jan. 30, 2012).

Wells Fargo opposed the summary judgment motion and countered with a cross-motion for summary judgment. Wells Fargo challenged the Trustee's assertion of bona fide purchaser status, arguing that he "had actual and/or constructive knowledge of the Mortgage . . . ." Additionally, Wells Fargo disputed that Massachusetts law requires strict compliance with formalities in the execution of mortgage acknowledgments.

The bankruptcy court conducted a hearing on the Trustee's motion for summary judgment and Wells Fargo's cross-motion and opposition in February 2013. During the course of the hearing, the Trustee reiterated that the acknowledgment was defective because it failed to unequivocally and unambiguously identify who appeared in front of the notary, in what capacity, and whether the execution of the Mortgage was the free act and deed of the mortgagors.

Wells Fargo countered that the use of the term "by" in the context of the subject acknowledgment meant that the Debtors "were acting by or through or by the agency of their power of attorney Shannon Obringer." It stressed that "[a]ny objective bona fide purchaser . . . would not be confused that it was Shannon Obringer [who] was appearing before the notary," but neglected to address whether or how the acknowledgment expressed the voluntary nature of the grantors' execution of the Mortgage. Although Wells Fargo rejected the notion that Massachusetts is a "strict compliance state," it contended that the acknowledgment in this case satisfied either a substantial or strict compliance standard.

The court denied the Trustee's motion for summary judgment and granted Wells Fargo's cross-motion, ruling from the bench as follows:

> I just don't find this notarization to be ambiguous. . . . I read the language to mean that these two debtors appeared through a power of attorney and that the holder of that power of attorney personally stood before the notary.

---

references to "Rule" are to the Federal Rules of Civil Procedure.

**4.** The Trustee subsequently amended the complaint to accurately reflect the name of the *defendant, among other things.*

Now, granted it would have been nice if the he/she/it/their references further down were properly attended to, but until you get to that point, it's clear to me that it's the holder of the power of attorney that is standing before the notary. And I don't think that the failure to eliminate the extraneous words he/she/their/its creates sufficient ambiguity or any ambiguity really, other than shaking one's head and thinking, well, I should have crossed out some of these words, but I had no doubt on reading it who was standing there in front of the notary.

*Giroux* is different. In *Giroux* no one was listed as standing in front of the notary and in *Bower* there was clearly the same ambiguity. And in *Nistad* it was actually somebody else's name. That's not what we have here.

So I don't think I need to reach the question of whether there needs to be substantial or strict compliance, although I think this—some room for arguing that in Massachusetts the standard ought to be substantially strict, but it doesn't really make any difference on my reading. I don't read the notarization to be defective and accordingly I am compelled to grant summary judgment to the defendant.

Thereafter, the court entered an order denying the Trustee's motion for summary judgment and a separate order, granting Wells Fargo's cross-motion for summary judgment. This appeal ensued.

On appeal, the Trustee maintains that the bankruptcy court erred when it denied his motion for summary judgment and granted Wells Fargo's cross-motion. Continuing to rely on *Giroux, Bower,* and *Nistad, supra,* he argues that the Mortgage is materially defective, due to "[t]hree fatal flaws": (1) the use of the phrase "personally appeared," when in fact it is undisput-ed the Debtors did not appear; (2) the failure to specify in the appropriate blank space the method by which the notary identified the signer (or signers) of the Mortgage; and (3) the failure to indicate whose free act and deed the notary was verifying. He continues to insist that in Massachusetts, every acknowledgment must unequivocally express whether the instrument was signed freely by the grantor. As in the proceedings below, Wells Fargo urges that "[t]he word 'by' unquestionably indicates through which individual the mortgagors appeared." There is also no question, Wells Fargo argues, that the execution was the free act and deed of Obringer, on behalf of the Debtors. Wells Fargo warns that voiding this Mortgage "may have grave consequences."

### *JURISDICTION*

A bankruptcy appellate panel is "duty-bound" to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998). A panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998) (internal quotation marks omitted). "An order granting summary judgment, where no counts remain, is a final order." *Frykberg v. JPMorgan Chase Bank (In re Frykberg)*, 490 B.R. 652, 656 (1st Cir. BAP 2013) (citation omitted). Thus, we have jurisdiction.

### *STANDARD OF REVIEW*

We review an order granting summary judgment *de novo. DCC Operating, Inc.*

v. Rivera Siaca *(In re Olympic Mills Corp.)*, 477 F.3d 1, 14 (1st Cir.2007) (citing *Razzaboni v. Schifano (In re Schifano)*, 378 F.3d 60, 66 (1st Cir.2004)).

## DISCUSSION

### I. The Standards

#### A. The Summary Judgment Standard

"In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056." *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 762 (1st Cir.1994). "By its express terms, the rule incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure." *Id.; see also* Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56.[5] "It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." *In re Varrasso*, 37 F.3d at 763 (citing Fed. R.Civ.P. 56(c)). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

#### B. Section 544(a) and The Trustee's Avoidance Powers

▮▮ Referred to as the "strong arm" clause, § 544(a) "gives a trustee various rights and powers, one of which is the power to avoid a transfer by the debtor of an unperfected security interest in real property to the same extent a bona fide purchaser could avoid the transfer, regardless of any actual knowledge of the trustee." *In re Nistad*, 2012 WL 272750, at *3 (citing 11 U.S.C. § 544(a)(3);[6] *Me. Nat'l Bank v. Morse (In re Morse)*, 30 B.R. 52, 54 (1st Cir. BAP 1983)). "While a trustee's avoidance power is not subject to any actual knowledge he or she may possess, it is subject to constructive knowledge." *In re Nistad*, 2012 WL 272750 at *5. "The extent of the [t]rustee's avoidance powers are determined by state law." *Carrion v. USDA Rural Hous. Serv. (In re Roldan)*, Adv. No. 11–00094, 2012 WL 2221410, at *7 (Bankr.D.P.R. June 13, 2012) (citations omitted).

#### C. Acknowledgments: Their Purpose and Requirements in Massachusetts[7]

▮▮ "An acknowledgment is the formal statement of the grantor to the official

---

**5.** Fed.R.Civ.P. 56(a) provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed.R.Civ.P. 56(a).

**6.** Section 544(a) provides:
The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .
(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
11 U.S.C. § 544(a)(3).

**7.** The parties did not raise a choice-of-law issue. Moreover, the Mortgage provides that it "shall be governed by federal law and the law of the jurisdiction in which the Property is located."

authorized to take the acknowledgment that the execution of the instrument was his free act and deed." *McOuatt v. McOuatt*, 320 Mass. 410, 69 N.E.2d 806, 810 (1946). Mass. Gen. Laws ch. 183, § 29 provides:

> No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates....

Mass. Gen. Laws ch. 183, § 29. Thus, "if it is desired to record the deed in order to charge the world with notice of the conveyance, then it is necessary that the deed be acknowledged and that a certificate reciting this fact be attached to the deed." *McOuatt*, 69 N.E.2d at 809. "Doubtless, that is the principal function of a certificate of acknowledgment." *Id.* (citations omitted). "When 'an instrument of defeasance, not being acknowledged' is 'improvidently admitted to registration' then 'the record does not operate as constructive notice' of the conveyance." *Allen v. Allen*, No. 10 MISC 420492 GHP, 2013 WL 139318, at *10 (Mass.Land Ct. Jan. 10, 2013) (quoting *Graves v. Graves*, 72 Mass. 391, 392–93 (1856)).

▮ Mass. Gen. Laws ch. 183, § 30 requires certain formalities in the execution of an acknowledgment. That statute provides, in pertinent part:

> The acknowledgment of a deed or other written instrument required to be acknowledged shall be by one or more of the grantors or by the attorney executing it. The officer before whom the acknowledgment is made shall endorse upon or annex to the instrument a certificate thereof. Such acknowledgment may be made—
>
> . . .

> (b) If without the commonwealth, in any state, territory, district or dependency of the United States, before a justice of the peace, notary public, magistrate or commissioner appointed therefor by the governor of this commonwealth, or, if a certificate of authority in the form prescribed by section thirty-three is attached thereto, before any other officer therein authorized to take acknowledgments of deeds.

Mass. Gen. Laws ch. 183, § 30(b). "It is well established law in Massachusetts that a defectively acknowledged mortgage cannot be legally recorded, and if recorded the mortgage does not, as a matter of law, provide constructive notice to future purchasers." *In re Bower*, 2010 WL 4023396, at *5.

In *McOuatt*, the seminal case regarding the validity of acknowledgments in Massachusetts, the Supreme Judicial Court instructed that in an acknowledgment "[n]o particular words are necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument." *McOuatt*, 69 N.E.2d at 810 (citations omitted). In that case, the court was called upon to construe a deed from the grantor to his wife, which was taken while the grantor was near death. According to the court:

> McOuatt told the physician that he knew what he was about to do, that he was to sign papers to protect his wife, and that he had been intending to do this for some time. The defendant obtained a deed which the attorney had prepared and brought it to the hospital. She told her husband what it was, and in her presence a hospital clerk, who was a notary public, asked him if he knew what he was about to sign. He said that he did and that he was turning over his property to his wife. He executed the

deed by making an X. . . . At some time thereafter he requested the defendant to have the deed recorded, which she did. He died some eight hours after he executed the deed.

*Id.* at 808. Following a review of a master's report, the court was "unable to discover anything ... that would justify a conclusion that McOuatt acknowledged the instrument of conveyance to be his free act and deed." *Id.* at 810. The court ruled that the "only conclusion that [could] be reached from the report [was] that the deed was not duly acknowledged as required by the statute." *Id.* (citation omitted). Thus, "[n]o effect [could] be given to it." *Id.*

As one Massachusetts bankruptcy court stated, *McOuatt* signaled the Supreme Judicial Court's "adherence to a stringent requirement, namely that a *grantor or mortgagor* expressly state to the notary that the execution of the instrument was *his or her* free act or deed." *Giroux,* 2009 WL 1458173, at *8 (emphasis added). Thus, "Massachusetts requires, in addition to the other formalities associated with acknowledgments, an affirmative declaration by the grantor or mortgagor." *Id.*

Relying heavily on *McOuatt,* the bankruptcy courts in both *Giroux* and *Bower* held that the omission of the grantor's name on the acknowledgment form was a material defect that, despite the recording of the instrument, rendered the instrument incapable of providing constructive notice of the conveyance to a subsequent purchaser for value. *See Giroux,* 2009 WL 1458173, at *7; *Bower,* 2010 WL 4023396, at *3. Similarly, in *Nistad,* where an incorrect name was inserted in the identification clause of the acknowledgment, the bankruptcy court concluded that the mortgage was materially defective. *Nistad,* 2012 WL 272750, at *3–4.

■ Although the Massachusetts statutory scheme does not require specific language in an acknowledgment, it provides forms in an appendix which "may be used." Mass. Gen. Laws ch. 183, § 42. These include a form for the acknowledgment of an individual acting by an attorney. *See* Mass. Gen. Laws ch. 183 App., Form (14).[8] The language of the statutory form reflects that when a person is acting through an attorney, the attorney should acknowledge that he executed the instrument as the free act and deed of the grantor.[9] *See*

---

8. Form (14) provides:
(Caption specifying the state and place where the acknowledgment is taken.)
On this _____ day of _____ 19 __, before me personally appeared A B, to me known to be the person who executed the foregoing instrument in behalf of C D, and acknowledged that he executed the same as the free act and deed of said C D.
(Signature and title of officer taking acknowledgment. Seal, if required.)
Mass. Gen. Laws ch. 183 App., Form (14).

9. We note that the acknowledgment form provided by Revised Executive Order No. 455 (04–04), promulgated by the Governor of the Commonwealth of Massachusetts and cited by the parties in their respective briefs, is at odds with Form (14). Revised Executive Order No. 455 provides, in pertinent part:

(d) A notary shall take the **acknowledgment** of the signature or mark of persons acknowledging for themselves or in any representative capacity by using substantially the following form:
On this ____ day of _____, 20__, before me, the undersigned notary public, personally appeared _____ (name of document signer), proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the proceeding or attached document, and acknowledged to me that (he)(she) signed it voluntarily for its stated purpose.
(as partner for _____, a partnership)
(as _____ for _____, a corporation)
(as attorney in fact for _____, the principal)
(as _____ for _____, (a)(the) ____)

*supra* note 8; *see also Byers Bros. & Co. Live Stock Comm. Corp. v. McKenzie*, 30 N.M. 487, 239 P. 525, 525 (1925) (discussing statutory form for New Mexico and explicitly stating that when a natural person is acting by an attorney, the attorney must acknowledge that he executed the instrument as the free act and deed of his principal).

## II. The Standards Applied

Here, the parties did not use Form (14), the Massachusetts statutory form for the acknowledgment of an individual acting in a representative capacity. Instead, they adapted a pre-printed form for taking the acknowledgment of an individual acting on his or her own behalf. We are therefore confronted with questions concerning the acknowledgment's sufficiency under Massachusetts law.

■ Our examination logically begins with the first paragraph of the acknowledgment, which recites, in pertinent part: "[p]ersonally appeared Shawn G. Kelley and Annemarie Kelley *by* Shannon Obringer as Attorney in Fact." (emphasis added). Mindful that "by" means "through the agency or instrumentality of," *see* http://www.merriam-webster.com/dictionary/by, we are unpersuaded by the Trustee's first argument, that this language is so confusing that "one is forced to guess who appeared before the notary public." Although inartful, the challenged language sufficiently signals that Obringer was present in a representative capacity.

_____ (official signature and seal of notary)
Revised Executive Order No. 455 (04–04) § 5(d). Unlike Form (14), the Executive Order form does not clearly express that the voluntariness of the execution relates to the principal when the execution is performed by an individual acting in a representative capacity. This failure reflects the danger of attempting to craft a one-size-fits-all ac-

■ Our analysis next proceeds to the remaining paragraphs of the acknowledgment, which provide:

> [p]roved to me through satisfactory evidence of identification which was/were [left blank]

> to be the person(s) whose name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

We are similarly unconvinced by the Trustee's second argument, that the notary's failure to fill in the blank provided for specifying the evidence of identification, which was presented to the notary, standing alone, is a "fatal flaw." Courts already reject this argument, on the ground that the requirement for "satisfactory evidence of identity" is imposed only by Revised Executive Order No. 455 (04–04), and not by statute. *In re Dessources*, 430 B.R. 330, 335 (Bankr.D.Mass.2010). Because the Executive Order does not supersede anything in Mass. Gen. Laws ch. 183, § 42, or the forms set forth in the appendix thereto, the argument that the blank identifiers affect the validity of the acknowledgment is easily dispatched.

■ We agree with the Trustee's third argument, however, namely that the foregoing language fails to unequivocally express that the execution of the Mortgage was the free act and deed of the principals, i.e., the Debtors, and that this flaw is, indeed, fatal. Here, the preprint-

knowledgment form. In any event, Form (14) supercedes the Executive Order form. *See* Revised Executive Order No. 455 § 1(c) (stating "[n]othing in this Executive Order supercedes the provisions of any court rule, including court forms, Massachusetts General Law, including but not limited to, chapter 183, section 42 or the forms set forth in the appendix thereto").

ed form utilized by the notary combined with her failure to attend to the blank space and the inapplicable verbiage creates ambiguity concerning whether the execution of the Mortgage was the voluntary act of the Debtors. Although the acknowledgment contains a recitation that the Mortgage was signed "voluntarily for its stated purpose," we are left to speculate whether the voluntariness relates to the principals (the Debtors) or to the attorney-in-fact (Obringer). Wells Fargo's assertion that the acknowledgment was clearly Obringer's free act and deed is not only unsupported by the language of this acknowledgment, but, more importantly, misapprehends the essential requirement for a valid acknowledgment of an individual acting in a representative capacity: namely, that the attorney must acknowledge that he executed the instrument as the free act and deed of the grantor. Moreover, a review of the language of this acknowledgment does not justify a conclusion that Obringer ever said anything to the one who made out the certificate of acknowledgment to indicate that the Mortgage was the voluntary act of the Debtors.

We therefore conclude that the acknowledgment is materially and patently defective under Massachusetts law, such that it is incapable of providing constructive notice to a subsequent purchaser for value. To conclude otherwise would undermine the acknowledgment's very purpose. Thus, the bankruptcy court erred in denying the Trustee's motion for summary judgment on his complaint to avoid the Mortgage pursuant to his § 544 strong arm powers and in granting Wells Fargo's cross-motion for summary judgment.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the order granting Wells Fargo's cross-motion for summary judgment, and **REVERSE** the order denying the Trustee's motion for summary judgment. We **REMAND** to the bankruptcy court for the entry of orders consistent with this opinion.