# Corpening & Co. v. Worthington & Co.

99  541
108  264
99  541
119  634

*Action upon Written Contract.*

1. *Demurrer to part of plea.*—A demurrer, which is addressed to only a part of a plea is untenable; and if there are defects in certain portions of the plea, the remedy is by motion to strike out, by objection to evidence, or by instructions to the jury to disregard the defective allegations.

2. *Duplicity in a plea no ground of demurrer.*—A plea is not demurrable for duplicity.

3. *Demurrer to plea; when improper*—When, in an action under a contract, to recover for work and labor done in grading for a railroad, the defendant pleads that it was understood and agreed that the

measurements and estimates of the work to be made by the engineer of the railroad company should be conclusive upon the parties, and that all the work done was measured and estimated by the engineer on the first day of each month during the continuance of the contract, at which time the plaintiffs were either present, or could have been if they desired, and that the amount so ascertained was paid to the plaintiffs by the defendant before the institution of the suit, a demurrer to such plea, on the grounds, that it does not show that plaintiffs had any notice or opportunity to be present and to be heard, when the estimates were made, that such estimates were *ex parte*, and, in the absence of plaintiffs, n t binding on them, is not maintainable and is improper; the proper way to raise the issue intended by the demurrer being by a replication.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.·

This action was brought by the appellants against the appellees; and sought to recover under a written contract for work and labor done. The suit was for $12,000, and judgment was recovered by the plaintiff for $321.59. The plaintiffs prosecute this appeal, and assign as error the rulings of the court upon the pleadings. The facts having reference to such of the pleadings as are reviewed by this court are sufficiently stated in the opinion.·

LANE & WHITE, for appellants.

JAMES WEATHERLY and WALKER PERCY, *contra*.

HARALSON, J.—The appellants, plaintiffs below, sued on a written contract, entered into by them and the defendants, wherein, in consideration of certain clearing, grubbing, masonry and grading of the railroad track of the Birmingham Mineral Railroad Company, in the construction of the road-bed in its building and extension, which the plaintiffs bound themselves to do, the defendants undertook, and agreed to pay them certain prices for the work to be done, averring that they had complied with all the provisions of said contract, on their part, and that defendants failed to comply with their provisions, on their parts, in that they have failed to pay plaintiffs for the work they did, at the prices agreed on and mentioned in the complaint, which sums, with the interest thereon, they sue to recover. The common counts were added.

The defendants pleaded nine pleas, to three of which, the 4th, 5th and 6th, with the demurrers and replications to them, and the demurrers alleged to be filed to the replica-

[Corpening & Co. v. Worthington & Co.]

tions, we are invited, by the assignments of error, to consider.

The 4th plea sets up, in substance, the same contract which is set up in the special count, as the basis of the action, and sets up additional terms of said contract, not set out in the special count, confessing that the defendants agreed to pay the plaintiffs for the labor and services contracted to be done and rendered, as set forth in said contract, but it was on the conditions and with the understanding and agreement, as stipulated in said contract,—which plaintiffs had not mentioned in their complaint,—that such labor and services were to be done and rendered, according to specifications annexed to said contract, as a part of it, and were to be classed, estimated, approved and accepted by the engineer of said railroad; the plaintiffs bound themselves in said contract, (1) not to assign or pledge, in favor of third parties, any money falling due under said contract, or retained by defendants as reserved percentages, under the terms of said contract; (2) to use no other powder for the work under said contract, but that furnished by defendants, at prices specified; (3) that they would keep at work a force capable and equal to completing the work contracted for, in a workmanlike manner, within the time stipulated for its completion; and (4) the plaintiffs would complete the work contracted by them to be done, on or before the 30th day of September, 1887; that defendants duly kept and performed all their obligations and undertakings in said contract specified, and the plaintiffs had failed to perform theirs. Four breaches of said contract are assigned in said plea, according to the four specifications of duties to be performed by the plaintiffs, as they are above set out, claiming $13,000 damages, for each of the four several braeches. The defendants also claim, that, "by each of said four breaches, any balance due to plaintiffs under said contract,—towit, 15 per cent. of the amount paid or due for work or services rendered under said contract,—was, thereby, forfeited to defendants, under said contract, and became their property, to be by them forever retained." The plea concludes, praying judgment for the several sums claimed as damage for each of said breaches, and, also, for the said forfeiture under each breach, and prays to be allowed to recoup such damages, to the extent of anything that may be owing plaintiffs, and a judgment for the balance.

The plaintiffs demurred to this plea, assigning five grounds, the first three of which are predicated on the mistaken assumption, that the pleader failed to aver how much

[Corpening & Co. v. Worthington & Co.]

damage the defendants claim by reason of each breach, whereas, the sum of $13,000 is distinctly claimed, as damages for each separate breach. The fourth ground is untenable, if for no other reason, because it goes to a part of the plea. The remedy, if the assignment of the breach is bad, is by motion to strike out, by objection to evidence under it, or by instructions to the jury to disregard it.—*Kennon & Bro. v. W. U. Tel. Co.*, 92 Ala. 399. And the fifth ground, that for duplicity, is not available under our system of pleading.—*Bolling v. McKenzie*, 89 Ala. 470.

The sixth plea is, that under and by virtue of said contract, it was understood and agreed, that the measurements, classification and estimates, monthly or final of said work, to be made by the engineer of said railroad company, should be absolute and conclusive upon the parties; and avers, that all work done by the plaintiffs, under the contract, was measured, classed and estimated by said engineer, on or about the first day of each month, during the continuance of the contract, at which time, the plaintiffs were either present, or could have been, if they desired, and the amount so ascertained, was paid to them by defendants, before the institution of this suit.

The plaintiffs demurred to this plea, on the ground, that the plea does not show, that they had any notice or opportunity to be present and to be heard, when said estimates were made, and they were *ex parte*, and in the absence of plaintiffs are not binding on them.

This was no sufficient reply by demurrer to the plea. The plea was good. A replication, rather than a demurrer, would have raised the issue intended by this demurrer.

The next assignment of error is, that the court erred in overruling plaintiffs' demurrer to defendants' 5th plea. We have been unable to find any such demurrer in the record.

The remaining assignments are, that the court erred in sustaining defendants' demurrer to plaintiffs' second replication to defendants' sixth plea; and in sustaining defendants' demurrer to plaintiffs' replication to defendants' 5th plea.

The only demurrer appearing to the second replication to the sixth plea,—and it seems to have no application to it,—is the one filed April 25, 1890, and it no where appears the court ever acted on it.

To the fifth plea plaintiffs filed two replications, one on the 30th, and another on the 31st of May, 1889. To these replications, defendants interposed two demurrers, one on

the 25th of April, 1890, and the other, on the 25th of September, 1890.

On the 25th of September, 1890, the court overruled what was termed the "additional demurrer" to the replication to the fifth plea, and sustained the demurrer to the replication to the fifth plea. There is an apparent conflict in this ruling, but it is evidently due to clerical misprision in writing the judgment-entry, which ought to have been corrected in the court below.

From this, it may be inferred, that by the term "additional demurrer," is meant the one filed second in point of time, on the 25th of September, 1890, leaving as the only demurrer to the replication to this plea, the one filed on the 25th of April, 1890. But, we are puzzled to know to which one of the replications to the fifth plea the court sustained, and to which he overruled, the demurrer, since there are three replications, and there is nothing to indicate, more than we have stated, to which the demurrers were intended to apply.

There is great and perplexing confusion in the proceedings, and the manner in which the record appears. The demurrers and replications are not numbered, and do not appear in the record, in the order of their filing, and in the condition we find it, it is impossible for us to comprehend and pass intelligently on some of the errors assigned.

We find no error in the record, and the judgment is affirmed.