J. S. MERRITT v. W. W. KITCHIN, Trustee.

*Mortgagor of Stock of Goods left in Possession—Power to Sell Before Default—Mortgage Deed, Construction of—Patent Ambiguity.*

1. One who makes a deed of trust for the purpose of securing the purchase price of a stock of goods and is allowed to remain in possession to conduct the business until default in specific payments, may give a valid title to any article included in the trust deed before his default and surrender of the goods to the trustee.

2. Where the *conveyancing* clause of a deed of trust specified certain articles situate in a certain store, among them "one soda fountain," and, continuing, conveyed ' all other property whatsoever in said store room" and it was admitted that there were two soda fountains in the room, one of which was set up in use and the other not; *Held,* that both fountains were covered by the deed, the conveyancing clause being broad enough to include everything in the store room at the time of its execution, although some of the articles were specified therein.

3. Where, in the trial of an action, the controversy was whether a certain soda fountain had been conveyed by a deed of trust which, by its terms, conveyed specifically "one soda fountain" and other articles in a certain store room "and all other property whatsoever" in such store room, and it was admitted that there were two soda fountains in the store room, it was error to submit the deed of trust to the jury to say whether or not, as a fact, the fountain in question was intended to be conveyed, there being a patent ambiguity not explainable by parol testimony and the construction of the deed being a matter entirely of law and for the Court.

CIVIL ACTION, tried before *Allen, J.,* and a jury at April Term, 1897, of PERSON Superior Court. There was judgment for the plaintiff and defendant appealed. The facts appear in the opinion.

*Messrs. Boone & Bryant,* for plaintiff.
*Mr. A. L. Brooks,* for defendant (appellant).

MONTGOMERY, J.: Barrett bought the interest of his former partner, A. J. Mitchell, in the stock of goods and credits of

the firm, took possession and executed a deed of trust to W. W. Kitchin to secure the deferred payments of the purchase price. The deed provided that if default should be made in the payment of the instalments the trustee was to take possession, sell the goods and apply the proceeds as required by the deed. Default having been made, the trustee sold the property—that which was left over after the sales made by Barrett, while he was in possession. Among the articles sold by the trustee was a portable soda-fountain at the price of $27.50. The plaintiff claimed that article by purchase from Barrett while the latter was in possession of the goods, and contended that it was not conveyed in the deed of trust.

In the stock of goods in the store rooms occupied by the firm of Barrett & Mitchell at the time of the execution of the deed of trust, there were two soda fountains; one in position and used in the business, and, the other, the one claimed by the plaintiff and not in actual use. The plaintiff's contention, that the fountain which he claims was not conveyed in the deed, is based on the fact that in that instrument there are specifications of particular property conveyed, and only one fountain was conveyed in express terms and that therefore, naturally, that one was the larger one and the one in use. We will examine that position. If in the deed of trust there had been no other language affecting the specifications of property, no words extending the property conveyed in the deed beyond the specifications, then no evidence would have been competent to show which one of the soda fountains was intended to be conveyed. *Spivey* v. *Grant*, 96 N. C., 214. But there was other language in the deed explaining and extending the restricted terms as to the specified property conveyed.

We are of the opinion that the conveyancing clause of the deed is broad enough to include everything, the whole of the property, in the store rooms of the partners at the

time of the execution of the deed of trust, although some of
the articles were specified therein. _Kelly_ v. _Fleming_, 113
N. C., 133.   The language of the deed of trust on that point
is as follows: "Now, wherefore, in consideration of the
premises and of one dollar to him in hand paid, the party
of the first part hath bargained and sold and by these pres-
ents doth bargain and sell unto said W. W. Kitchin, trustee,
and his assigns the following property, _to-wit:_ all the drugs,
medicines, wares, merchandise, bottles, prescription cases,
books, and all other property whatsoever, now in the store
room occupied by the said late firm situated in Roxboro,
said State, on Main street, between the store rooms of W. E.
Webb and the new building of Pass & Carver, belonging to
C. S. Winstead, including all furniture, the iron safe, the
show cases, the soda water fountain and any and all other
property formerly belonging to said firm, and also whatever
goods, wares, merchandise and other stuff and furniture
which said party of the first part may buy or add to said
property herein mentioned, it making the stock of goods
now in said store; this meaning to convey the entire stock
both now in and hereafter to be in store room or store
rooms, including all the stuff said party of the first part
owns or may own therein in said building of C. S. Winstead;
also all the accounts, credits and choses in action of the late
firm of Barrett & Mitchell."

The plaintiff waived the alleged tort of the defendant
and brought this action before a Justice of the Peace
for the value of the fountain.   On the trial in the Supe-
rior Court his Honor submitted the simple issue, "Is
the defendant indebted to the plaintiff, and, if so, in what
sum?"   In the language of the case on appeal, which is
signed by the attorneys of both plaintiff and defendant,
"his Honor submitted the said deed of trust to the jury to
say whether or not, as a fact, the same (soda fountain) was

intended to be conveyed." That was error. The deed of trust having been proved or admitted, and it having been admitted that there were two soda fountains in the store rooms, the conveyance of one soda fountain was a patent ambiguity which could not be explained by parol testimony; the construction of the deed in that respect was one entirely of law and for the Court. It is unnecessary to cite the authorities on this point.

But, notwithstanding that error, the judgment of the Court below must be affirmed; for it appears in the case on appeal, which is signed by the attorneys of both plaintiff and defendant, that Barrett while in the possession of the goods sold the soda fountain, the subject of this suit, to the plaintiff. Barrett had a clear right to sell any of the property conveyed in the deed of trust under the express terms of the deed, for he was permitted to remain in possession for that purpose. So the plaintiff got title to the soda fountain by virtue of the sale to him by Barrett. The particulars of the sale to the plaintiff do not appear on the record, and it might have been that, if they had, the transaction would not in law amount to a sale.

We observe the use of some words in the case on appeal which imply doubt on the question of the sale but, as the point seems to be conceded by the defendant, we are not at liberty to go behind the record and thereby disturb the agreement of the parties.

Affirmed.