# King Mercantile Co. v. Adams.

## *Detinue.*

(Decided May 20, 1915. Rehearing denied June 30, 1915.
69 South. 524.)

1. *Detinue; Evidence; Mortgage; Debt.*—In detinue, where plaintiff claimed title to the property under certain mortgages, receipts showing that the mortgages had been paid were admissible.

2. *Same; Title.*—Where the action was detinue for a mule, wagon and a cane mill outfit alleged to be affixed to the land of defendant, evidence showing title to the lands to be in defendant was admissi-

[King Mercantile Co. v. Adams.]

ble as tending to show title to part of the chattels sought to be recovered.

3. *Same; Instruction.*—Where the action was detinue based on a mortgage executed by the husband of defendant, a charge asserting that in order that defendant's husband might convey title to the property sued for, he must have owned it, was not erroneous.

4. *Same.*—In such a case an instruction that the burden was on plaintiff to show that at the commencement of a suit plaintiff had such title as would justify immediate possession, was not erroneous.

5. *Appeal and Error; Harmless Error; Instruction.*—Where the jury found for defendant in an action of detinue, the refusal of instructions as to the amount of recovery for detention was harmless.

APPEAL from Covington Law and Equity Court.

Heard before Hon. ED. T. ALBRITTON.

Detinue by the King Mercantile Company against Mrs. Ola Adams. From a judgment for defendant, plaintiff appeals. Transferred by law from Court of Appeals. Affirmed.

The suit was for the recovery of a mule, a wagon, and a cane mill outfit, the latter alleged to have been affixed to land belonging to the defendant. The mortgage was executed by B. S. Adams, and the suit seems to be against the widow; he having died since the execution of the mortgage. The following charges were given for the defendant:

(1)   I charge you that, in order for B. S. Adams to convey title to the property sued for, he must have owned same.

(2)   I charge you that the burden is on the plaintiff to show to your reasonable satisfaction by a preponderance of the evidence that at the time this suit was brought plaintiff must have such title as would justify immediate possession of the property sued for. If from the evidence you are reasonably satisfied that on January 19, 1911, and thereafter up to the date of the filing of this suit, the cane mill and kettle were the property of the defendant, then your verdict as to this property will be for the defendant.

BALDWIN & MURPHY, for appellant.

J. D. BAILEY, for appellee.

MAYFIELD, J.—This was an action of detinue. The plaintiff claimed title to the chattels by virtue of mortgages executed to it by the husband of the defendant. The defendant claimed, first, that the chattels were hers, and not her husband's and that no title passed to the mortgagee; and, second, that the mortgage debts were paid, and that the mortgagee's title was thereby extinguished.

(1) The defendant introduced a great number of receipts from plaintiff to her husband. The plaintiff objected to their introduction, and moved to exclude, both as to the whole and as to each separately, they being first introduced in bulk, and later separately and severally. The plaintiff insists that these receipts were not admissible, because they did not show that they were payments on the mortgage debts. If they were not payments on the mortgage debts, or did not tend to show the amounts of the mortgage debts, they were not admissible; but if they tended to show either of these facts, they were admissible, under the issues on trial.

We have carefully examined the record, and we find that the receipts were admissible, both collectively and severally, as tending to show the amounts secured by the mortgages, and whether or not these amounts had been paid. The mortgages were given to secure indebtedness existing at the time they were executed, as well as to secure future advancements; and for this reason the receipts, in connection with other evidence were admissible. While one or two of the receipts on their face appear to have been given before the mortgages were executed, they might tend to show what the in-

debtedness was, at the time the mortgages were given, which fact is important in determining whether or not the mortgages were paid. What we have said of the receipts is applicable to the bill for cotton received by the plaintiff.

(2) There was no error in allowing defendant to prove title to the land on which a part of the property was located as a fixture. This proof tended to show possession of the chattel and, therefore, to show title.

There was no error in declining to allow plaintiff to prove by the witness Parker the conversation between him and defendant's husband.

(3,4) Each of the charges given at the request of the defendant stated correct propositions of law as applied to the issues and evidence in the case, and there was no error in giving any one of them.

(5) The charges requested by the plaintiff were in effect the general affirmative charges for the plaintiff as to a certain mule sued for. The plaintiff was clearly not entitled to any such instruction as to any of the property sued for. The refusal of those charges which requested instructions as to the amount of recovery for detention, granting that they were correct, was error without injury, because the jury having found for the defendant, of course there could be no damages as for detention.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.