(107 So. 449)

### JEFFERSON DAIRY CO. v. THOMAS. (6 Div. 508.)

(Supreme Court of Alabama. Jan. 21, 1926. Rehearing Denied March 25, 1926.)

1. **Appeal and error** ⬿843(4).

Consideration of sufficiency of pleas stricken is unnecessary, where defendant substantially secures benefit thereof in those sustained.

2. **Pleading** ⬿8(17)—**In action for death caused by runaway team, plea that deceased was aware of approach of team in time to have avoided it, but negligently failed to do so, held not objectionable as mere conclusion.**

In action for death, caused by runaway team striking deceased while purchasing vegetables from wagon standing in middle of street, plea of contributory negligence, in that deceased was aware of approach of team in time to have stepped out of its path and to have avoided being struck, but negligently failed to do so, *held* sufficient, as against objections interposed by demurrer, and that averment was mere conclusion of pleader.

3. **Pleading** ⬿193(6).

Duplicity of pleading is not defect available on demurrer.

4. **Pleading** ⬿204(5), 362(2)—**Trial** ⬿255(1)—**Insufficient averments of one defense in plea, sufficiently averring another, cannot be reached by demurrer, but proper recourse is motion to strike or explanatory charge.**

Where pleading sufficiently avers one defense, that another is insufficiently averred cannot be raised by demurrer, but proper recourse is motion to strike imperfect part or special explanatory charge.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Pleading** ⊜⟹95—That plea did not aver that negligence charged proximately contributed to injuries held not objectionable, where allegations of another plea were adopted which contained such averment.

Where plea of contributory negligence adopted averments of another plea, which charged that negligence asserted was proximate cause of deceased's injuries, reiteration of averment that negligence was proximate cause *held* unnecessary.

**6. Negligence** ⊜⟹117.

Sustaining demurrer to plea of contributory negligence *held* reversible error, where evidence tended to support plea.

**7. Municipal corporations** ⊜⟹706(4)—Evidence runaway team injuring pedestrian had run away before with same driver held admissible on charge of negligence.

In action for pedestrian's death, caused when runaway team, in absence of driver, struck deceased, evidence that particular team had run away before with same driver *held* admissible to show knowledge and experience of driver as being material to charge of negligence.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action for damages by Nora Thomas, as administratrix of the estate of Elizabeth F. Thomas, deceased, against the Jefferson Dairy Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

For one to heedlessly stand in a city street may be negligence. 29 C. J. 658; Evans v. Adams Exp. Co., 23 N. E. 1039, 122 Ind. 362, 7 L. R. A. 678. Where there is no charge of the viciousness of a team evidence of a prior runaway is inadmissible. Sou. Ry. v. Lefan, 70 So. 249, 195 Ala. 295; Birmingham v. Starr, 20 So. 424, 112 Ala. 98; Foley v. Pioneer Co., 40 So. 273, 144 Ala. 183. It is a question for the jury whether a driver is negligent in leaving his horses unhitched. 10 L. R. A. (N. S.) 852 note; 20 L. R. A. (N. S.) 958 note; Sou. H. & S. Co. v. Standard Equipment Co., 48 So. 357, 158 Ala. 596.

Mullins & Jenkins, of Birmingham, for appellee.

There was no error in sustaining demurrer to pleas. Atkinson v. Dean, 73 So. 479, 198 Ala. 262; L. & N. v. Bargainier, 53 So. 138, 168 Ala. 567; L. & N. v. Calvert, 54 So. 184, 170 Ala. 565; Corona C. & I. Co. v. White, 48 So. 362, 158 Ala. 627, 20 L. R. A. (N. S.) 958; Ensley Mer. Co. v. Otwell, 38 So. 839, 142 Ala. 575, 4 Ann. Cas. 512; L. & N. v. Elliott, 52 So. 28, 166 Ala. 419; Ivy v. Marx, 87 So. 813, 205 Ala. 60, 14 A. L. R. 1173; Sup. Ct. rule 45. Evidence of a prior runaway by the team was admissible. 10 L. R. A. (N. S.) 852, note. It was negligence as matter of law to leave the team unhitched. Corona C. & Iron Co. v. White, supra; Excelsior S. L. Co. v. Lomax, 52 So. 347, 166 Ala. 612; Birmingham Traffic Code 1921, §§ 15, 106.

GARDNER, J. A team of horses hitched to a delivery wagon of the Jefferson Dairy Company ran away, in the absence of the driver, on Forty-Eighth street in the city of Birmingham, and, turning into Second Avenue North, collided with a huckster's wagon, near which Mrs. Elizabeth Thomas was standing, causing the latter wagon to strike her, as a result of which she died in a few days.

This suit by the administratrix of her estate followed, resting principally upon the alleged negligence of the driver of the team in leaving the team unhitched and unattended in the street. Corona Coal Co. v. White, 48 So. 362, 158 Ala. 627, 20 L. R. A. (N. S.) 958; Excelsior L. Co. v. Lomax, 52 So. 347, 166 Ala. 612; ordinance, city of Birmingham.

Defendant interposed numerous pleas of contributory negligence, among which were pleas A-2, E, and F, which were sustained, and the cause tried upon issue joined upon these pleas in connection with the plea of the general issue, resulting in a judgment for the plaintiff, from which defendant has prosecuted this appeal.

[1] These pleas, in substance, set up the alleged negligence of plaintiff's intestate in standing in the center of the street, purchasing fruit from the huckster's wagon and obstructing the street, and preventing free passage of the traffic thereon, and, with knowledge of this situation, negligently failed to make any observation whatever for approaching teams. Defendant also relied upon a violation of the city ordinance as to street obstruction. We are of the opinion that in substantial form defendant had the benefit of pleas B, C, and D in the pleas sustained, above mentioned, and a consideration of the sufficiency of these pleas is therefore unnecessary.

[2] A different conclusion, however, is reached as to plea A-1. This plea adopts the allegations of plea 12, which latter plea sets up the negligence of the plaintiff's intestate in standing in the center of the street in the path and line of traffic which she knew would likely use said street, and with her back to said line of traffic, purchasing vegetables from a wagon standing in the middle of the street and unlawfully obstructing the same, and adds thereto the following averment:

"And defendant avers that said intestate was aware of the approach of said team of defendant in time to have stepped out of the path of the same and prevented being struck thereby, but negligently failed to do so."

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The counts of the complaint, to which this plea was interposed, each alleged that the defendant's team was unattended, and also disclosed that the team was running away, and the sufficiency of the plea is to be considered in the light of these averments of the complaint. We are of the opinion the above-quoted averments added to plea 12 were not subject to any objection interposed thereto by demurrer. It is insisted that the averment is objectionable as a mere conclusion of the pleader. This objection is answered by the language of this court in discussing the pleas of contributory negligence there interposed in the case of Pace v. L. & N. R. R. Co., 52 So. 52, 166 Ala. 519, wherein the court said:

"A statement, in form a conclusion, approaches occasionally so nearly the ultimate facts as to make the effort at further analysis futile for the practical purposes of pleading. An averment of negligence, whether stated as a cause of action or as a defense, is not required to be as specific as the proof essential to support it."

In the Pace Case, supra, it was argued the pleas were defective in failing to aver that the plaintiff had time to do that which he was charged as having negligently omitted. The pleas were sustained, notwithstanding, upon the theory that the charge of plaintiff's negligent failure was sufficient and inclusive of the idea that there was reasonable time for the act.

Here the plea avers, not only that plaintiff's intestate negligently failed to step out of the path of the approaching team, to prevent being struck thereby, but that she was aware of its approach in time to have done so. The above-cited authority we consider as conclusive of the sufficiency of plea A–1 as against any objection here urged.

[3] It is suggested in argument, though no assignment of demurrer takes the point, that the plea is objectionable for duplicity, including other charges of negligent conduct.

"Under our system of pleading, the fact that a plea is double is not an available defect." Moore v. Heineke, 24 So. 374, 119 Ala. 627.

In the respect indicated, we have held the plea sufficient.

[4] Counsel argue as to the insufficiency of the averments in respect to the additional charge of negligence embraced in the other language of the plea. But a consideration of this aspect of the plea may be pretermitted. Having held one defense therein set up sufficiently averred, even if the other is insufficiently averred, this is not a defect which can be reached by demurrer.

"A motion to strike out the imperfect part, or a special explanatory charge, is the proper recourse in such a case." Bolling v. McKenzie, 7 So. 658, 89 Ala. 470; Corpening v. Worthington, 12 So. 426, 99 Ala. 541.

[5] The suggestion that the added averments did not conclude expressly that the negligence there charged proximately contributed to the injuries of plaintiff's intestate is without merit. Plea 12, all the allegations of which were adopted as a part of this plea, did contain the averment that the negligence charged to plaintiff's intestate proximately contributed to her injuries. The averments of facts here considered are to be treated as added to plea 12, and no occasion arose for the pleader to reiterate the averment as to proximate cause.

[6] By the ruling sustaining the demurrer to this plea, the defendant was deprived of the benefit of this defense, and it may be added also that there was a tendency of the evidence in support thereof. This was error for which the judgment must be reversed.

[7] In view of another trial, one question of evidence needs consideration. Plaintiff was permitted to show by the driver of the team, over defendant's objection, that this particular team had run away before with this same driver. It is insisted this matter related to collateral facts and inadmissible under the general rule. Mayor, etc., B'ham. v. Starr, 20 So. 424, 112 Ala. 98; Foley v. Pioneer Mining Co., 40 So. 273, 144 Ala. 178; Southern Ry. Co. v. Lefan, 70 So. 249, 195 Ala. 295. But we are inclined to the view that this evidence comes within the well-recognized exception to the general rule where knowledge or intent of the party is material. 1 Greenleaf on Ev. (16th Ed.) App. II, § 53; Mayor, etc., v. Starr, supra.

The case for the plaintiff rested upon the negligent conduct of the driver, and his knowledge and experience as to a former occasion of like character was proper to be considered upon the general charge of negligence contained in one of the counts.

Some of the objections to argument of plaintiff's counsel present serious questions, but a consideration of these rulings is unnecessary, in view of another trial of the cause, and it may be assumed these questions will not again arise.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.