ATLANTIC DISCOUNT CORPORATION v. C. L. YOUNG, TRADING AS YOUNG MOTOR COMPANY, WILLIAM C. WORSLEY AND DAVID WORSLEY.

(Filed 1 March, 1944.)

**Chattel Mortgages §§ 10, 12a: Principal and Agent § 2—**

> Where a mortgagor is left in possession of the mortgaged goods which, in the contemplation of the parties, are to be disposed of by the mortgagor in the ordinary course of trade, such mortgagor is the agent of the mortgagee to the extent that he may pass the title to the goods, sold in the usual way to a purchaser, freed from the mortgage lien.

APPEAL by plaintiff from *Thompson, J.,* at November Term, 1943, of PASQUOTANK. Affirmed.

This was an action to recover a motor truck in the possession of defendants Worsley, by virtue of a mortgage thereon executed by C. L. Young or the Young Motor Company to the plaintiff.

At the conclusion of all the evidence, defendants' renewed motion for nonsuit was allowed. Plaintiff appealed.

*W. A. Worth and McMullan & McMullan for plaintiff.*
*T. T. Thorne and R. Clarence Dozier for defendants.*

DEVIN, J. Plaintiff's appeal from the judgment of nonsuit entered below brings up the question of the sufficiency of the evidence offered to make out a case for the possession of a mortgaged motor truck as against

a subsequent purchaser for value. The question debated in the briefs, whether the mortgage had been properly admitted to registry so as to constitute notice to a subsequent purchaser, we need not decide as we think the judgment below should be sustained on another ground.

It was made to appear that subsequent to the execution of the mortgage on the motor truck described, to secure $850.00, the mortgagor, the Young Motor Company, an automobile dealer, sold the truck to defendants Worsley, who paid the full price therefor, approximately $1,150.00, to the Motor Company. At the time of this transaction, which took place in Roanoke Rapids, a representative of the plaintiff, Mr. W. R. Curry, was present. The Young Motor Company or C. L. Young forwarded a check for the amount of the mortgage to plaintiff to its home office in Elizabeth City. However, the check proved to be worthless on account of insufficiency of funds. Thereafter this action was instituted to recover possession of the truck from the purchasers, the defendants Worsley.

There was evidence tending to show that plaintiff had been engaged for some time in the business of loaning money to Young Motor Company and taking mortgages on motor vehicles which were to be sold in the ordinary course of trade, and that the custom was for the purchasers of these cars to pay the money to the Motor Company, including the amounts due plaintiff, and that plaintiff's representative, whose duty it was to collect delinquent accounts and repossess cars, would "pick up" this money and take it to the home office, or, as in this instance, it would be remitted by check. This practice continued as long as Young was in business.

Thus, it seems to have been contemplated that the mortgaged vehicles were to be sold by Young, and that the purchasers of these vehicles so encumbered should pay the full price therefor to Young, and that he was authorized to receive the amounts due on the mortgages for the plaintiff. Defendants testified that plaintiff's representative, present at the time of the sale, advised them of the mortgage on the truck, but told them to pay the purchase price in full to Mr. Young, and it would be all right. This was not admitted. However, it does sufficiently appear that Young was impliedly authorized to receive payment for the truck, including the amount of plaintiff's mortgage, and that Young failed to make good to the plaintiff the amount of the mortgage debt which the purchasers had in good faith paid. We think the plaintiff's lien had been waived.

The principle is aptly stated in *R. R. v. Simpkins,* 178 N. C., 273, 100 S. E., 418, 10 A. L. R., 731. There it was said that the mortgagor left in possession of goods which, in the contemplation of the parties, are to be disposed of by the mortgagor in the ordinary course of trade, is the agent of the mortgagee to the extent that he may pass the title to the goods, sold in the usual way to a purchaser, freed of the mortgage

lien.   This principle of law was also declared in *Bynum v. Miller,* 89 N. C., 393; *Etheridge v. Hilliard,* 100 N. C., 250, 6 S. E., 571; *Merritt v. Kitchin,* 121 N. C., 148, 28 S. E., 358; *Finance Co. v. Cotton Mills Co.,* 187 N. C., 233 (241), 121 S. E., 439; *Boice v. Finance & Guaranty Co.,* 127 Va., 563; 136 A. L. R., 821; 97 A. L. R., 646.   While in *Whitehurst v. Garrett,* 196 N. C., .154, 144 S. E., 835, it was held that the mere display of a mortgaged automobile in a show window was not sufficient to constitute waiver of the lien, here the evidence indicates in addition a regular course of dealing for the sale of mortgaged motor vehicles and authorized receipt by the mortgagor of the price, including amounts due on the mortgages.

Upon the evidence presented in this case we are inclined to agree with the trial judge that plaintiff was not entitled to recover the truck from the defendants Worsley.   The judgment of the Superior Court is
    Affirmed.