184 So.2d 332

Travis MIXON, Jr.,

v.

Basil WHITMAN.

4 Div. 130.

Supreme Court of Alabama.

March 17, 1966.

These pleas were interposed by defendant:

S. Fleetwood Carnley, Elba, for appellant.

G. A. Lindsey, Elba, for appellee.

LAWSON, Justice.

This is a detinue suit filed in the Circuit Court of Coffee County, at Elba, on March 13, 1958, by Travis Mixon, Jr., against Basil Whitman to recover "Eight THDP–58 Model flatbed Trailers, Serial Nos. T587–B, T588–B, T589–B, T590–B, T591–B, T592–B, T593–B and T594–B, and being the same eight flatbed trailers having the Trademark 'Taylor Trailers' thereon, and located on the lot of Basil Whitman or Whitman Motor Company in Elba, Alabama" and damages for the detention thereof "from this date to date of trial."

On March 17, 1958, the sheriff took possession of eight trailers, which were on the lot of Basil Whitman, the defendant, under writ of seizure issued by the clerk based on affidavit and bond made by the plaintiff. The return of the sheriff shows that none of the trailers which he seized bore any of the serial numbers set out in the complaint. They bore different serial numbers. The sheriff's return also shows that each of the trailers which he seized was without certain parts or accessories. Thereafter, the defendant, Whitman, gave a replevy bond and so retained possession of the property which the sheriff had seized.

On April 11, 1958, the defendant filed three pleas. In Plea 1, which was not under oath, the defendant disclaimed possession of the trailers described in the complaint but averred that at the time of the levy by the sheriff he was in possession of eight trailers, which he described by serial numbers. In his Plea 1 the defendant further alleged that "under the purported authority of the writ of detinue issued in this cause the sheriff of Coffee County, Alabama, levied on the eight trailers described next above and that the Defendant is now in possession of the last described trailers under forthcoming bond as is provided by law." Without waiving "the disclaimer" the defendant further pleaded (2) the general issue and (3) that he was not guilty of the matters alleged in said complaint.

On January 11, 1960, the defendant "without waiving the disclaimer heretofore filed," filed a plea of the general issue in short by consent in the usual form. Also on January 11, 1960, the defendant filed a so-called "Amendment to Answer" wherein he asked that Plea 1 filed on April 11, 1958, be stricken and added in lieu thereof Plea 1A which is in the identical language of Plea 1. However, Plea 1A was under oath.

On January 12, 1960, the plaintiff filed a motion to strike Plea 1A and the plea of the general issue in short by consent.

On January 18, 1960, upon defendant's motion, the trial court permitted the defendant to withdraw his Pleas 2 and 3 filed on April 11, 1958. As heretofore shown, Pleas 2 and 3 were in effect the general issue. The court in the order permitting defendant to withdraw Pleas 2 and 3 provided that the defendant could plead further.

On January 18, 1960, the trial court struck the defendant's "Pleas No. 1 and No. 1–A" but without prejudice to defendant to file a "new Plea of Disclaimer." The defendant's plea in short by consent was also stricken. The plaintiff in its motion to strike filed on January 11, 1960, had not sought to have Plea 1 stricken. The defendant had sought to eliminate that plea in his so-called "Amendment to Answer" filed on January 11, 1960.

So at this point in the proceeding no plea of the defendant remained.

On January 21, 1960, the defendant filed an instrument captioned "Defendant Files Further Answer to Complaint." In the first paragraph the defendant purported to withdraw his "pleas of the general issue in short by consent filed 11 January 1960" and his "pleas two and three heretofore filed in this cause on 11 April 1958." The plea of the general issue in short by consent had been stricken on January 18, 1960, and Pleas 2 and 3 had been withdrawn on motion of the defendant on January 18,

1960. In succeeding paragraphs the defendant set forth his Pleas B, C, D, E and F. On January 22, 1960, defendant filed Pleas G, H and I.

On January 25, 1960, the plaintiff filed a motion to strike Pleas C, D, E and F and on the same day interposed demurrer to those pleas and to Plea B. On March 17, 1960, the plaintiff assigned additional demurrers to Pleas B, C, D, E and F and interposed demurrers to Pleas G, H and I.

On May 18, 1960, the trial court overruled plaintiff's motion to strike Pleas C, D, E and F and on the same day overruled the demurrers interposed to Pleas B, C, D and G, but sustained the demurrers directed to Pleas E, F, H and I.

On May 20, 1960, additional demurrers were interposed by plaintiff to Plea B. Those demurrers were overruled by the trial court on May 23, 1960. The judgment overruling those demurrers concludes as follows: " * * * and Defendant is hereby granted seven days to file additional pleadings and at the expiration of said time Plaintiff is hereby granted seven days to file responsive or additional pleadings."

On May 30, 1960, the defendant filed amended Pleas E and F, to which the plaintiff interposed demurrers on June 2, 1960. The plaintiff on June 2, 1960, also filed a motion to strike amended Pleas E and F. The motion to strike amended Pleas E and F was denied on August 18, 1960, but the demurrers interposed to those pleas were sustained on that day.

Under the rulings of the trial court referred to above, only Pleas B, C, D and G remained and plaintiff joined issue on those pleas, saying by way of replication that the allegations of those pleas were untrue.

On the issues thus made the cause came on for trial before the court and a jury in September of 1960. A mistrial resulted. There was another trial in June of 1961. It resulted in a mistrial. The third trial, which was held in March of 1962, resulted in a verdict and judgment for the defendant. Without filing a motion for a new trial, the plaintiff appealed from the judgment rendered on March 8, 1962.

Section 934, Title 7, Code 1940, reads:

"The general issue, when pleaded in a detinue suit, is an admission of the possession by defendant of the property sued for at the time of the commencement of the suit."

And § 935, Title 7, Code 1940, provides:

"Upon the defendant's disclaimer, which shall be under oath, the plaintiff must join issue thereon, and the burden shall be upon the plaintiff to show that the defendant was in possession of the property sued for at the commencement of the suit. If such issue is found for the plaintiff, he shall have judgment against the defendant for the property sued for; otherwise the defendant shall recover his costs. *When as to any property the defendant pleads the general issue or files a replevy bond, he shall be precluded from disclaiming possession of such property.*" (Emphasis supplied.)

Appellant's assignment of error No. 1 is that: "The trial court erred in its decree of 18 January 1960 by which the defendant was allowed to withdraw his Pleas Two and Three."

The principal point of controversy between appellant and appellee is whether the appellee had in his possession at the time the suit was filed the trailers described in the complaint filed by appellee. If the pleas of the general issue remained in the suit, then under the provisions of § 934, Title 7, Code 1940, the appellee could not have denied that he had possession of the trailers described in the complaint at the time it was filed. For that reason appellant earnestly insists that the trial court erred in permitting appellee to withdraw his pleas of the general issue although the record before us does not disclose that appellant objected in any way to the request of appellee that he be permitted to withdraw those pleas.

■ The general rule is that it is within the discretion of the trial court to permit the withdrawal of pleadings when request therefor is timely made. Valenzuela v. Sellers, 253 Ala. 142, 43 So.2d 121; Southern Hardware & Supply Co. v. Block Bros., 163 Ala. 81, 50 So. 1036. In the case last cited we said:

"The appellant filed a plea of the general issue, and afterwards filed a motion to be allowed to withdraw the plea and interpose a demurrer, which motion was overruled by the court. This was a matter within the discretion of the court, and not reversible. (Authorities cited)" (163 Ala. 83, 50 So. 1037)

Nothing to the contrary is said in Burrow v. Leigeber, 261 Ala. 231, 73 So.2d 562, or in Deholl v. Pim, 219 Ala. 372, 122 So. 320. In fact, the *Deholl Case* is cited in Valenzuela v. Sellers, supra, in support of the general rule.

■ We hold that the trial court did not err in permitting the appellee to withdraw his pleas of the general issue, Pleas Two and Three.

Assignment of Error No. 2 reads: "The Court erred in its decree of January 18, 1960 by decreeing in substance as follows: 'without prejudice to Defendant to file new plea of Disclaimer.'" There were two judgments or orders rendered by the trial court on January 18, 1960. One of them permitted the defendant to withdraw his Pleas Two and Three. We have discussed it in connection with Assignment of Error No. 1. The other was rendered in response to appellant's motion filed on January 12, 1960, to strike appellee's Plea 1–A and his plea of the general issue in short by consent.

By that judgment or order appellant's motion to strike both of those pleas was granted and, of course, appellant does not complain of such action. But the judgment or order insofar as it relates to appellee's motion to strike appellee's Plea 1–A provided that the motion to strike was granted "but without Prejudice to Defendant to

file new Plea of Disclaimer." It is the provision last quoted above of which appellant complains in his Assignment of Error No. 2.

We have heretofore said that reversible error is not made to appear in the action of the trial court permitting the appellee to withdraw his pleas of the general issue. So those pleas did not stand in the way of the filing of a plea of disclaimer.

But, as shown above, § 935, Title 7, Code 1940, provides in part that when a defendant in a detinue suit "files a replevy bond, he shall be precluded from disclaiming possession of such property."

As we pointed out, the appellee did file a replevy bond which enabled him to regain possession of the trailers which the sheriff had seized. But the bond which the appellee filed is not in the usual form. The bond sets out the description of the trailers set out in appellant's complaint and shows that the sheriff levied on trailers bearing entirely different serial numbers, and it was those trailers which were returned by the sheriff to the appellee upon his filing the replevy bond.

■■ We have found no case and none has been cited to us where this court has held that where a bond of that character is filed, § 935, Title 7, operates to preclude a defendant from thereafter filing a disclaimer. We do not think that such a holding would be proper. A defendant should not be prevented from securing the return of property, seized by a sheriff under a writ of seizure, different from that described in the complaint at the risk of being precluded from thereafter interposing a plea to the effect that he was not in possession of the suit property at the time the complaint was filed. There is no inconsistency between the replevy bond filed in this case and a plea of disclaimer. We hold, therefore, that appellant's Assignment of Error No. 2 is without merit.

Appellant in his brief next argues his Assignments of Error 5 and 9, which chal-

lenge the action of the trial court in overruling his demurrers interposed to appellee's Plea B, which reads:

"B. Comes the Defendant and for further answer to the complaint says as follows:

"That the property seized by the Sheriff under the writ sued out in this cause on to-wit: 13 March 1958 and said property described in his return is not the property sued for and described in the complaint; that as to said property so seized and described in the return of the Sheriff he pleads nondetinet, but as to the property sued for and described in the complaint he says under oath that neither before the commencement of the suit, at the commencement of the suit nor at any time subsequent thereto was he in possession of said property. * * *"

■ If we have correctly analyzed appellant's contention in regard to Plea B, it is that said Plea B combines a plea of the general issue with a plea of disclaimer and is, therefore, inconsistent, repugnant and incompatible and that the demurrers of appellant which took the point that the plea is duplicitous should have been sustained.

Even if it be conceded that Plea B is duplicitous because it combines two defenses in the same plea, it does not follow that the trial court can be reversed for not sustaining the grounds of demurrer relied upon by appellant, those charging Plea B with being duplicitous.

In National Union Fire Ins. Co. v. Morgan, 231 Ala. 640, 646, 166 So. 24, this court said:

"This court at an early date held that the fact that a plea sets up two or more defenses does not render such pleading subject to demurrer on that ground. And this same rule applies to replications. Bolling v. McKenzie, 89 Ala. 470, 7 So. 658; Corpening v. Worthington, 99 Ala. 541, 544, 12 So. 426; Moore v. Heineke, 119 Ala. 627, 24 So. 374; Jefferson Dairy

Co. v. Thomas, 214 Ala. 305, 107 So. 449; National Life & Accident Ins. Co. v. Bridgeforth, 220 Ala. 314, 124 So. 886.

"We are aware of the fact that this court in the case of Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567, in an opinion by Mayfield, J., held that a plea was subject to demurrer for duplicity which combined two defenses in the same plea, but no authority was cited in support of such a ruling, and this court in the more recent cases cited above departed from the ruling in the Berlin Machine Works Case and redeclared that rule as pronounced in the earlier cases."

■ That part of Plea B which relates to the property seized by the sheriff rather than the property sued for may be surplusage, but the proper method of getting impertinent matter out of a pleading is by motion to strike. Branyon v. Branyon, 267 Ala. 53, 99 So.2d 740.

Assignments of Error 15, 16, 17, 18, and 20 are all to the effect that the trial court erred in its oral charge to the jury. In each of those assignments separate excerpts from the court's oral charge are quoted.

■ We have frequently pointed out that the proper way to reserve an exception to a part or parts of an oral charge is for the exceptor to select and recite what the court said, or state the substance of what the court said, and thus specifically bring to the attention of the trial court and this court the matter of which complaint is made. Turner v. Mobile Infirmary Ass'n, 277 Ala. 15, 166 So.2d 851, and cases cited.

■ At the conclusion of the court's oral charge, counsel for appellant did attempt to take exceptions to parts of the charge. But such exceptions were not sufficient to bring to the attention of the trial court the fact that fault was found with those specific parts of the charge which are quoted in Assignments of Error 15, 16, 17, 18 and 20.

Assignment of Error 23 asserts error by the trial court in giving appellee's requested written Charge No. 5, which reads:

"The Court charges you that the burden is upon the Plaintiff to reasonably satisfy you from the evidence that he had the title to or the right of the immediate possession of the property seized by the Sheriff under the Writ of Detinue at the time the suit was filed and the property seized and unless you are so satisfied you should find for the Defendant."

Under the pleadings and evidence in this case, we are of the opinion that the giving of appellee's Charge No. 5 should not work a reversal. King Mercantile Co. v. Adams, 193 Ala. 466, 69 So. 524.

We are of the same opinion in regard to appellee's given Charge No. 6, made the basis of Assignment of Error 24, and appellee's given Charge No. 8, made the basis of Assignment of Error 25.

Assignment of Error No. 3 is to the effect that the trial court erred in overruling appellant's motion to strike Plea C. This assignment is not sufficiently argued in brief to warrant consideration. Moreover, we do not entertain the view that the averments of Plea C are so prolix, unnecessary and frivolous as to warrant the plea being stricken. What we have said in regard to Assignment of Error No. 3 has application to Assignment of Error No. 4, which charges error on the part of the trial court in overruling appellant's motion to strike Plea D.

Assignments of Error 6 and 7 are argued jointly in brief of appellant. Assignment 6 is to the effect that the trial court erred in overruling appellant's demurrers to Plea C and Assignment 7 charges error in the overruling of the demurrers to Plea D. Those assignments raise kindred questions and will be considered by us as they have been by appellant as presenting the same question for decision.

Plea C, which will be set out in the report of the case, is identical with Plea D except as to the concluding paragraphs. Based on the averments contained in Plea C, Plea D concludes: "That plaintiff is estopped, as against this Defendant, to assert any right, title or interest to said subject matter or to recover said property in this suit," while Plea C concludes that under the facts therein alleged the defendant "has waived any right, title or interest, as against this Defendant, to said aforementioned equipment, trailers, the subject matter of the suit."

So we lay aside the designation which appellee has given to Pleas C and D and come to a consideration of the question as to whether Plea C was subject to the demurrers interposed thereto which are insisted upon in brief of appellant. If Plea C is good as against those demurrers, so is Plea D.

The principal criticism of Plea C made in appellant's brief is in the following language:

"Considering the allegations of Plea C most strongly against the pleader, it simply fails to allege that the appellant, Mixon, made any representations or assumed a position where otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances had relied thereon to his prejudice."

The general rule as to chattels is that the constructive notice to the world ordinarily obtained by the recording of a chattel mortgage is not afforded by such recording where the mortgagee places or permits the chattel to be placed or to remain in the hands of a dealer engaged in the sale of goods the same as or similar to that of the chattel sold or mortgaged, with authority to display it with such goods, for such mortgagee is deemed to be estopped to claim the benefit of the recording statute. In such situations, as between an owner or mortgagee who entrusts the chattel to a dealer engaged in the sale of goods the

same as or similar to that of the chattel sold or mortgaged and the one who buys the chattel from the latter without actual notice of the seller's lack of authority to sell, the courts have evolved the waiver and estoppel theories based on the maxim that, as between two innocent victims of fraud, the one who makes possible the fraud on the other should suffer. It is considered that under such circumstances a purchaser in good faith of a motor vehicle from the stock in trade of a recognized dealer is not bound to investigate the dealer's title in anticipation of the unknown claims of a mortgagee or seller of such vehicle who should be aware of the danger of the buying public being misled and has made the situation possible by permitting the dealer to have the chattel in his stock in trade. See Bordman Investment Co. v. Peoples Bank of Kansas City (Kansas City Ct. of App., Mo.), 320 S.W.2d 72; Annotation, 97 A.L.R. 646; Montgomery v. Tucker, 228 Ala. 182, 153 So. 188; Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237.

In most jurisdictions this general rule is applied to the sale of automobiles, as well as to sales of any other kind of chattel. Bordman Investment Co. v. Peoples Bank of Kansas City, supra; Annotation, 136 A.L.R. 821; Fogle v. General Credit, Inc., 74 App.D.C. 208, 122 F.2d 45, 136 A.L.R. 814; Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588; Associates Discount Corp. v. Slayton, 226 Miss. 778, 85 So.2d 199, 86 So.2d 509; Boice v. Finance & Guaranty Corp., 127 Va. 563, 102 S.E. 591, 10 A.L.R. 654; Allen Parker Co. v. Taylor, (Fla.Dist.Ct. of App.), 120 So.2d 52; Dissault v. Evans, 74 Idaho 295, 261 P.2d 822; Moore v. Ellison, 82 Colo. 478, 261 P. 461; National City Bank of Rome v. Adams, 30 Ga.App. 219, 117 S.E. 285; Denno v. Standard Acceptance Corp., 277 Mass. 251, 78 N.E. 513; Hostetler v. National Acceptance Co., 36 Ohio App. 141, 172 N.E. 851; Southern Wisconsin Acceptance Co. v. Paull, 192 Wis. 548, 213 N.W. 317; Atlantic Discount Corp. v. Young, 224 N.C. 89, 29 S.E.2d 29; Cunningham v.

G. F. C. Corp., 35 Tenn.App. 237, 244 S.W.2d 181; General Credit, Inc., v. Winchester, 196 Va. 711, 85 S.E.2d 201.

■ True, Plea C shows on its face that appellant claimed the property in question under a recorded chattel mortgage, but the plea avers that "at the time he [appellee] purchased said aforementioned equipment, trailers, that he had no actual knowledge of the existence of any chattel mortgage or any written medium or other agreement or claim, written or oral through which Plaintiff claims title or the right of possession to the subject matter of this suit." In addition, Plea C contains averments that appellant permitted the trailers to remain in possession of the mortgagor, manufacturer, from whom appellee purchased, "with knowledge that said equipment, the subject matter of this suit, along with other like equipment, would by said vendor be exhibited for sale and sold in the usual and ordinary course of business, to prospective purchasers."

It is our opinion that under the rule announced above, Plea C was not subject to the criticism directed to it by appellant. The same is true as to Plea D. As we have shown, Plea C seeks to invoke the doctrine of waiver, while Plea D on identical averments sets up estoppel. A reading of the cases cited above will show that some of the courts would apply the doctrine of waiver and others that of estoppel under the facts alleged in Plea C and incorporated in Plea D, if proven.

Our holding in regard to Pleas C and D is in no wise in conflict with the holding of our Court of Appeals in Johnson v. Davis, 39 Ala.App. 72, 96 So.2d 432.

■ Assignment of Error 8 challenges the action of the trial court in overruling appellant's demurrer to Plea G, which will be set out in the report of the case. The only demurrer directed to Plea G which appellant asserts was well taken is Demurrer (b). All other questions aside, that demurrer was overruled without error

because it was, in part, incorrectly worded. It reads in part: "Said plea does not state or aver any fact upon which it could * * * appear that in fact Defendant * * * had any notice or fact sufficient to put him upon inquiry." It was not incumbent upon appellee to aver that he did have notice of "fact sufficient to put him upon inquiry." Since appellant has cited the case of Craft v. Russell, 67 Ala. 9, we assume that the drafter of Demurrer (b) intended to aver that Plea G did not contain averments clearly showing that appellee did *not* have notice of facts sufficient to put him upon inquiry. But Demurrer (b), as we have shown, was not so drafted.

The remaining argued assignments of error are to the effect that the trial court erred in refusing the affirmative instructions requested by the appellant.

We have said that when considering the general charge requested and refused, the question of the weight of the evidence is not before us, in the absence of a motion for new trial. The question to be considered is whether or not the evidence, or a reasonable inference therefrom, was sufficient to warrant the submission of the facts to the jury, under the pleadings. Street v. Street, 246 Ala. 683, 22 So.2d 35. And we have said that in considering the contention of appellant that the trial court erred to a reversal in refusing to give a general affirmative charge with hypothesis which appellant had requested in writing, we are required to review the evidence in the light most favorable to appellee. Textile Mills, Inc., v. Colpack, 264 Ala. 669, 89 So.2d 187. The scintilla doctrine prevails in this state and in civil cases issues raised by the pleadings must go to the jury if the evidence or the reasonable inferences arising therefrom furnish a mere gleam, glimmer, or spark in support of a theory. Chesser v. Williams, 268 Ala. 57, 104 So.2d 918.

We see no occasion to encumber this opinion with a statement of the evidence. The voluminous record, containing more than four hundred pages, has been read with care in connection with the excellent summary of the testimony of each witness set out in appellant's brief. We are clear to the conclusion that under the principles last referred to above, the trial court did not err in refusing to give the affirmative instructions requested by appellant, the plaintiff below.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.