227 So.2d 392

**Richard Wayne RHODES and Mrs. Thomas D. Mason**

**v.**

**Evelyn B. STRICKLAND.**

**4 Div. 332.**

Supreme Court of Alabama.

Aug. 28, 1969.

Rehearing Denied Oct. 9, 1969.

Grubb & LeMaistre, Eufaula, for appellants.

J. Gorman Houston, Jr., Eufaula, for appellee.

PER CURIAM.

Two of the defendants, Richard Wayne Rhodes and Mrs. Thomas D. Mason, appeal from a judgment following a jury verdict in favor of plaintiff, Evelyn B. Strickland, for personal injuries. A third defendant, Mrs. Carolyn P. McQueen, also subject to the same judgment, did not join in this appeal. A fourth defendant, James Edward Hange, was stricken as a party prior to commencement of the trial.

The complaint as last amended contained two counts; one charging simple negligence and the other wanton conduct. The wanton count was not submitted to the

jury. The pleading was in short by consent.

There are four (4) vehicles involved in the litigation; first a 2½ ton International truck, driven by defendant Rhodes and owned by defendant Mason. This vehicle will hereinafter be referred to as "the truck." The three (3) other vehicles, all passenger automobiles, were owned and operated on this occasion by Hange, Strickland (plaintiff), and McQueen (codefendant). These vehicles will hereinafter be referred to as the "Hange car," the "Strickland car," and the "McQueen car." On August 19, 1967, defendant Rhodes was driving the truck north at approximately 3:00 p. m. on a divided six-lane Federal Highway No. 431, which runs through the City of Eufaula. A young boy was riding in the cab with him. The highway goes downhill approaching two (2) sets of railroad tracks crossing this highway near the bottom of the hill. These tracks cannot be seen from a northbound vehicle until it crests the hill. The posted speed limit was 25 miles per hour. The weather was clear. After crossing the first set of railroad tracks, the truck, traveling in the center lane and then going upgrade, experienced clutch failure and stopped. A car unidentified and immediately to the rear, after signal from Rhodes, drove around the truck using the left or passing lane. The driver of the truck observed the Hange car to his rear and signaled it to pass, but it had stopped some 100 feet to the rear and in the center lane. The Strickland car then came to an emergency stop back of the Hange car but made no contact with it on stopping. Thereafter the McQueen car made an emergency stop but ran into the rear of the Strickland car and "knocked" it into the Hange car. The truck was then permitted by Rhodes to roll backwards from the middle lane into the parking lane on the right. Here the driver, Rhodes, replaced a cotter pin thereby restoring the clutch to normal use. He left in the truck some ten minutes later, going to a nearby A & P Store to make delivery of eggs. It was here that he was later arrested on a complaint from Hange to the police officer, Smith, who came to investigate the accident. Hange signed a warrant charging Rhodes with reckless driving, but he was released when he posted a cash bond of $24.00. Later the case was tried with both Hange and Rhodes testifying. Rhodes, appearing without counsel and pleading not guilty, was fined $24.00.

It should be noted that the driver of the number one car (Hange), an original defendant and served with process, did not testify. A member of the Military Forces, it appeared that he had been transferred prior to trial. Some of what he said and did was admitted without objection, although he was not (then) a party to the suit. The court properly sustained objections to other questions to the policeman, Sergeant Smith, as to what Hange had said.

This will serve as an outline of what occurred without attempting, here, to indicate the differences in the testimony of the witnesses which was in conflict relating to the movement of the truck.

*Assignments of Error 1, 2, 3, 4, and 6.*

After plaintiff rested, counsel for appellants called the attention of the court to the variance between the allegations and proof. Plaintiff's counsel requested permission to amend to meet the evidence and this was granted. The plaintiff then amended count one (the negligence count); but did not amend count two (the wanton count), which was later charged out.

At this time, appellants presented to the court certain written charges requesting the affirmative charge, with hypothesis. (Charges A, B, C, D, and F) An inquiry from counsel about the wanton count brought the following statement from the court:

"I am going to rule it out. I am going to wait to give these written charges and etc. at the conclusion of the case * * *."

All of this occurred out of the presence of the jury. These charges were subsequently refused by the court with proper endorsements on each charge. Charge E, ruling out the wanton count, was given following the oral charge.

■ We hold that the court did not err in refusing to give the charges requested by appellants at the time plaintiff rested. The court's oral charge had not been concluded at that time.

Title 7, § 273, Code 1940, provides as follows:

"* * *. The court shall after the conclusion of his charge to the jury read such written charges as he has given for the parties in a clear and audible voice, saying to the jury * * *."

■ The court is not required to give a requested affirmative instruction prior to completion of the court's oral charge.

The giving of requested charge E eliminated the wanton count; hence, the refusal of charge F was without error. Thereafter defendants presented their evidence. Following argument the case was submitted to the jury with the oral charge from the court and the reading of certain requested written instructions.

In assignments of error 1, 2, 3, and 4, the appellants contend they were due the general charge with hypothesis for two reasons: First, that there was no evidence of negligence; and second, that any negligence was not a proximate or concurring cause of the accident and plaintiff's injuries.

Since these same questions are later raised by appellants in assignments of error 7, 8, 9, and 10, in the motion for new trial, and assignment of error 50, the legal questions presented will be considered together.

■ In considering and deciding whether the trial court erred in refusing to give affirmative charge with hypothesis, we review the evidence in light most favorable to appellee, without regard to any view we may have as to the weight of the evidence; and must allow such reasonable inference as the jury was free to draw. South Highlands Infirmary v. Camp, 279 Ala. 1, 180 So.2d 904, 14 A.L.R.3d 1245; Mixon v. Whitman, 279 Ala. 249, 184 So.2d 332; Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594.

There is no evidence to indicate knowledge to the truck driver or its owner of the possibility of a clutch failure. The vehicle had received periodic inspection. Nor was there any proof to show that the truck was not equipped with proper and sufficient rear view mirrors as required by law. Title 36, § 37.

It is impossible for us to determine from the evidence whether Hange stopped, when, and if, he first saw the truck stop—or whether he stopped when, as Officer Smith related: "He said he was—when he come over the hill he seen this truck swerving backwards coming down the hill towards the railroad track and he said he stopped; he didn't know which way the truck was going." We realize there was other evidence relating to the activity of the truck driver in stopping.

■ Under the scintilla rule, we are not persuaded that appellants were entitled to the affirmative charge on the ground that there was no evidence of negligence on the part of the truck driver. Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447.

We consider finally the question of proximate cause.

As stated in Morgan v. City of Tuscaloosa, 268 Ala. 493, 495, 496, 108 So.2d 342, 344:

"It is true that the law will consider only the proximate cause and not a remote cause where there are two or more causes of injury. (Citations Omitted)

"It is also true that where a prior cause merely created the condition or gives rise to the occasion and after the

condition has been created an intervening agency produced the injury, the first is not the proximate cause. (Citations Omitted)

"When the facts are such that reasonable men must draw the same conclusion, the question of proximate cause is one of law for the courts. (Citations Omitted)"

And in Beesley v. United States, 10 Cir., 364 F.2d 194, the court affirmed a judgment for the defendant under circumstances almost identical with the case at bar.

"The record shows that a Government vehicle, in use by two Department of Agriculture employees within the scope of their employment, being driven by appellee Sites, ran out of gas and stalled on the 'up' side of a two-lane traffic overpass in Oklahoma City, Oklahoma, during the daylight hours. The Government employees sat in the stalled vehicle and attempted to coast back down the overpass. They signalled oncoming traffic from inside the car. Appellants approached from the rear and stopped approximately twenty-five feet behind the stalled Government vehicle. Shortly thereafter appellee Barnes approached in his truck from the same direction and struck appellants' car in the rear, knocking it forward approximately eight to twelve feet but not into the Government vehicle. Appellant, Mary Beesley, suffered whiplash neck injuries and the rear end of their car was damaged." (364 F.2d at 195)

Thereafter, the court concluded:

"The trial court found that the Government employee was negligent per se in violating the Oklahoma 'stopping and standing' statute, 47 Okla.Stat.Ann. § 11–1003 (1962), and that the employee may have breached his common law duty to get out of the car and warn oncoming traffic. The trial court found also that appellee Barnes was negligent in failing to keep a proper lookout, failing to keep his truck under control, and in having defective brakes.

"The trial court concluded that the Government employee's negligence created a mere condition which set the stage for the collision that subsequently occurred, and was not a proximate or concurring cause thereof. It concluded that the sole and proximate cause was the negligence of appellee Barnes in driving his truck into the rear of appellants' car." (364 F.2d at 196)

Here it would seem, appellants' case is even stronger. Hange, with open space available to drive around the truck, elected to stop and did bring his vehicle to a safe stop.

Thereafter plaintiff's car was brought to a safe stop by the plaintiff as she observed the brake lights of the Hange car, but did not strike the Hange car at this time; then, defendant McQueen, as the jury found, negligently drove her car into the rear of plaintiff's car causing her injury and damage.

We conclude that any negligence of defendant Rhodes, driver of the truck, was not a proximate cause of any injury sustained by plaintiff and, therefore, appellants were entitled to the general affirmative charges, with hypothesis, requested and refused at the conclusion of the trial. (Charges A, B, C, and D) The motion for a new trial should have been granted for this reason.

Because of our holding as indicated, we forego consideration of the other assignments of error.

This opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and adopted by the court as its opinion.

The cause is reversed and remanded.

Reversed and remanded.

SIMPSON, COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.