RODOLPHUS GRAVES *vs.* ERASTUS L. GRAVES

An assignment, from one who has conveyed land and taken back a bond for its reconveyance on the payment of a certain sum, " of said bond, and the sum mentioned in the condition thereof, and all the right, title and interest which the said bond gives me in said sum of money, or the land to which it relates," is a good assignment of the equity of redemption.

WRIT OF ENTRY to recover a tract of land in Whately and Deerfield. · Plea, *nul disseisin.* At the trial in this court, both parties claimed title under Franklin Graves.

It appeared that on the 25th of January 1854 Franklin Graves conveyed the premises to Josiah Allis by a warranty deed, and Allis at the same time executed to Franklin Graves a bond of defeasance, for the reconveyance of the land upon payment of the sum of $1,600 in three years and interest annually, and for the possession of the land during the three years by the obligee, he paying the interest, taxes and insurance.

The tenant gave in evidence an assignment, under seal, from Franklin Graves to the tenant, indorsed on said bond, and dated March 18th 1854, assigning " unto the said Erastus L. Graves, his executors, administrators and assigns, the within written bond or obligation, and the sum of sixteen hundred dollars mentioned in the condition thereof, together with all interest due and to grow due for the same, and all my right, title, interest, claim and demand whatsoever in and to the same, and all the right, title and interest which the said bond gives me in said sum of money, or the land to which it relates." This assignment was not acknowledged before any magistrate, but was recorded in the registry of deeds.

The demandant claimed title under a subsequent attachment and levy of execution upon the land as the property of Franklin Graves ; and contended that the assignment was ineffectual to convey any title in the land to the tenant, for the following reasons :

1st. Because it was uncertain in its terms, and therefore void ; inasmuch as it was, in terms, not a mere transfer of the bond,

but also a transfer of the sum of $1,600 mentioned therein, which was not a sum due to the obligee, but the mortgage debt which he was to pay to the obligor.

2d. Because, so far as its purpose could be ascertained, it was a mere assignment of the bond, as a contract or chose in action, and not of any interest in the land; the assignment not running to the assignee's heirs, and not being acknowledged, nor treated by the parties as a deed; and not purporting to convey the title which the assignor originally had, but only "all the right, title and interest which the said bond gives me in the land to which it relates," which was no interest whatever; that, if the bond had been originally made to a third person, it would have given him no interest in the land, and an assignment of it to him had no greater effect.

3d. Because, as a deed, it was ineffectual, for want of acknowledgment, and of any legal record.

*Dewey*, J., being of opinion that, for some or all of these reasons, the assignment was insufficient to defeat the demandant's title under his attachment and levy of execution, took the case from the jury, and reserved the question for the full court, with an agreement that if the ruling was right, the tenant should be defaulted; if not, the case should stand for trial.

*J. Wells*, for the demandant, cited *Porter* v. *Millet*, 9 Mass. 101; *Rice* v. *Rice*, 4 Pick. 349; *Trull* v. *Skinner*, 17 Pick. 213; *Lovering* v. *Fogg*, 18 Pick. 540.

*W. Griswold*, for the tenant.

SHAW, C. J. It is very clear that the warranty deed from Franklin Graves to Allis, and the simultaneous bond to reconvey upon payment of a sum of money, constituted a mortgage to Allis, and left an equity of redemption in Franklin Graves.

The court are of opinion that the effect of the assignment of the instrument of defeasance by Franklin Graves to Erastus L. Graves, with all his right, title and interest in the land therein described, constituted a conveyance of the equity of redemption.

But the instrument of defeasance, not being acknowledged, was improvidently admitted to registration, and the record does

not operate as constructive notice of the execution of the as-signment of the equity of redemption, as against an attaching creditor of the equity; and therefore the title of the attaching creditor, though subsequent in time, takes precedence of the assignment.

We think however that, under the circumstances, it is proper that the case should go to a new trial, to enable the defendant to prove, if he can, actual notice to the plaintiff of the prior assignment of the equity, when he made his attachment.

*New trial ordered.*