# United States Court of Appeals
## For the First Circuit

No. 14-2115

IN RE: ALVARO M. PEREIRA,

Debtor.

---

BANK OF AMERICA, N.A.,

Appellee,

v.

DEBORA A. CASEY, Chapter 7 Trustee for Alvaro M. Pereira,

Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

---

Before

Howard, Chief Judge,
Lynch and Thompson, Circuit Judges.

---

Adam C. Ponte, with whom Mark S. Foss and Fletcher Tilton PC were on brief, for appellant.
Mark B. Johnson, with whom Kathleen M. Heyer and Johnson & Borenstein, LLC were on brief, for appellee.

June 26, 2015

**LYNCH**, **Circuit Judge**.    The outcome of this federal bankruptcy case turns on interpretations of two different state statutes, each of which concerns defects in real estate titles. In time, those interpretations may affect considerable numbers of Massachusetts foreclosure proceedings.    In this case, those interpretations affect who will benefit from the estate's real property assets: a bank, or the debtor's other creditors as represented by a bankruptcy trustee.  For the reasons stated below, we decide to certify two questions to the Supreme Judicial Court (SJC) of Massachusetts.

Debora Casey, a Chapter 7 bankruptcy trustee, filed this action to avoid a mortgage held by Bank of America.   11 U.S.C. § 544(a)(3).   The parties both assume that the 2005 mortgage contains a material defect: the certificate of acknowledgement does not include the names of the mortgagors.  See Mortg. Elec. Registration Sys., Inc. v. Agin (In re Giroux), No. 09-CV-10988-PBS, 2009 WL 3834002, at *2 (D. Mass. Nov. 17, 2009) (applying Massachusetts law to conclude that the omission of the mortgagor's name in the certificate of acknowledgment rendered the mortgage materially defective). After the mortgage was recorded, the notary on the mortgage, presumably at the behest of the bank, executed an affidavit under Mass. Gen. Laws ch. 183, § 5B, later recorded, attesting that the debtors had signed the mortgage personally and

- 3 -

voluntarily.  The debtors went into bankruptcy later that year, in 2012.

The legal issues presented are whether, under Massachusetts state law, that § 5B affidavit can cure the defective acknowledgement, or otherwise provide constructive notice to a bona fide purchaser.  If not, the bankruptcy trustee can avoid the mortgage under 11 U.S.C. § 544(a)(3).

The state law questions in this case are dispositive, and they are unresolved by the Massachusetts SJC.  They also implicate "significant policy concerns better suited for resolution by the" SJC.  Easthampton Sav. Bank v. City of Springfield, 736 F.3d 46, 48 (1st Cir. 2013).  Accordingly, we certify the questions for resolution by that court.  See Mass. S.J.C. R. 1:03.


I.

On December 27, 2005, Alvaro and Lisa Pereira refinanced their property in New Bedford, Massachusetts, by granting a mortgage to Bank of America in the principal amount of $240,000. The Pereiras executed the mortgage document, initialing each page. The document's certificate of acknowledgement, which affirms that the mortgagors actually executed the documents for the mortgage "voluntarily for its stated purpose," omitted their names.  That document was recorded the next day.

On January 19, 2012, the attorney who notarized the mortgage documents recorded an affidavit purportedly executed pursuant to Mass. Gen. Laws ch. 183, § 5B. That statute permits recording of affidavits that "will be of benefit and assistance in clarifying the chain of title" to certain land. Id. The affidavit, dated January 11, 2012, states that the attorney had witnessed the Pereiras' signatures to the mortgage, and that they signed it voluntarily. The attorney stated that his omission of the Pereiras' names from the certificate of acknowledgement was "inadverten[t]."

Alvaro Pereira filed for Chapter 7 bankruptcy on July 10, 2012. On September 12, the bankruptcy trustee filed the complaint in this case, seeking to avoid the mortgage for the benefit of the bankruptcy estate pursuant to the "strong-arm provision" of 11 U.S.C. § 544(a). That provision allows a bankruptcy trustee to preserve the value of a mortgage for the benefit of the bankruptcy estate if the mortgagee failed to perfect its claim against a bona fide purchaser. 11 U.S.C. § 544(a)(3). If the mortgage is voidable by a bona fide purchaser, the trustee may preserve the avoided mortgage for the benefit of the bankruptcy estate. Id. §§ 544(a), 551; see also DeGiacomo v. Traverse (In re Traverse), 753 F.3d 19, 27-28 (1st Cir. 2014).

Bank of America moved for summary judgment in bankruptcy court on April 16, 2013, and the Trustee filed an opposition and

- 5 -

cross-motion for summary judgment on May 31.[1]  The bankruptcy court found in favor of the Trustee on June 21, 2013.  In its view, the mortgage was defective, the defect had not been cured, and so the Trustee could avoid the mortgage.  Though the court believed such a defect is curable, the court was not convinced that the bank "can just file [an] attorney's affidavit which solves the problem of a defective acknowledgement."  It pointed out that there was a statute, Mass. Gen. Laws ch. 184, § 24, which it read to explicitly provide a procedure for curing defects in title, including a defective certificate of acknowledgement, and that statutory procedure had not been used.

On September 26, 2014, the district court reversed.  Bank of Am., N.A. v. Casey, 517 B.R. 1 (D. Mass. 2014).  It held that the affidavit was properly filed under Mass. Gen. Laws ch. 183, § 5B.  Id. at 3.  In its view, the affidavit "performed all the necessary functions of a proper acknowledgement" and cured the defective mortgage.  See id. at 5.  This appeal followed.

II.

The SJC permits a federal court to certify questions of state law that are "determinative of the cause then pending in the certifying court" but for which there is no controlling precedent

_____

[1] The debtor is not participating in this case.

by the SJC. Easthampton Sav. Bank, 736 F.3d at 50 (quoting Mass. S.J.C. R. 1:03); see also, e.g., Ins. Co. of Pa. v. Great N. Ins. Co., ___ F.3d ___, 2015 WL 3440342, at *1 (1st Cir. May 29, 2015); Bos. Gas Co. v. Century Indem. Co., 529 F.3d 8, 23-24 (1st Cir. 2008). Such is the case here.[2]

A. Determinative Questions of State Law

Though it is an open question of Massachusetts law, Bank of America does not argue that the defective mortgage document, standing alone, was enough to prevent the Trustee from avoiding the mortgage. Casey, 517 B.R. at 3; see In re Giroux, 2009 WL 3834002, at *2. Rather, the bank makes two arguments in reliance on the § 5B attorney affidavit: that the affidavit cured the defect in the mortgage, and that, in any event, the affidavit provided "constructive notice" as good against a bona fide purchaser, and so as good against the Trustee. Under 11 U.S.C. § 544, the Trustee may avoid mortgages voidable by "a bona fide purchaser of real property." Id. § 544(a)(3). Each of these arguments presents a question of Massachusetts law.[3]

---

[2] At oral argument, the parties agreed to the court's proposal of certification. See Easthampton Sav. Bank, 736 F.3d at 50 n.4. We subsequently afforded them an opportunity to propose language for the certification questions.

[3] The bona fide purchaser provision "is generally dependent on the substantive law of the state governing the property in question." Bankruptcy Law Manual § 9A:7 (5th ed. 2015); see Soto-Rios v. Banco Popular de P.R., 662 F.3d 112, 116 (1st Cir. 2011) ("[T]he bankruptcy trustee is vested with the status of a

First, the bank argues that the affidavit was within the authority of a state statute to cure the defect in the mortgage. Section 5B of chapter 183 of the Massachusetts General Laws provides the following:

> Subject to section 15 of chapter 184, an affidavit made by a person claiming to have personal knowledge of the facts therein stated and containing a certificate by an attorney at law that the facts stated in the affidavit are relevant to the title to certain land and will be of benefit and assistance in clarifying the chain of title may be filed for record and shall be recorded in the registry of deeds where the land or any part thereof lies.

The parties agree that the affidavit satisfies most of § 5B's requirements, but they disagree over whether it "will be of benefit and assistance in clarifying the chain of title." The district court concluded that "[w]ith the filing of the new affidavit, all things necessary required for proper recording were in place . . . ." Casey, 517 B.R. at 5.

---

hypothetical bona fide purchaser of real property, and may ordinarily avoid any transfer of the property or obligation of the debtor to the extent allowed under state law."); see also, e.g., Crane v. Richardson (In re Crane), 742 F.3d 702, 706 (7th Cir. 2013); Argent Mortg. Co. v. Drown (In re Bunn), 578 F.3d 487, 488–89 & n.1 (6th Cir. 2009); Hamilton v. Wash. Mut. Bank FA (In re Colon), 563 F.3d 1171, 1174 (10th Cir. 2009). Accordingly, whether a subsequent purchaser would have constructive notice of the Pereiras' mortgage, such that it would be good against the purchaser and is good against the Trustee, is an issue of Massachusetts law. The parties do not argue to the contrary.

The Trustee argues that a ch. 183, § 5B, affidavit cannot cure the defect for two reasons. First, she argues that because the underlying mortgage document is defective, there is no transfer of title to be "clarified" by an affidavit within the meaning of the statute. Cf. Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1133 n.28 (Mass. 2012) (suggesting that a mortgage holder could use a § 5B affidavit to prove its authority to conduct a foreclosure sale by showing "that it either held the note or acted on behalf of the note holder at the time" of sale). To the extent a § 5B affidavit is available to "cure" defects through "clarification," she also argues that the "clarify" language means that § 5B affidavits are only available to cure de minimus defects like scrivener's errors, not material ones.

Second, the Trustee reads a different statute, Mass. Gen. Laws ch. 184, § 24, to provide two methods for curing a defective acknowledgement in an instrument conveying an interest in land: (a) after "ten years elapses after the instrument is accepted for record," or (b) if "a proceeding is commenced on account of the defect . . . and notice thereof is duly recorded." Since the Trustee reads § 24 to explicitly provide a means to resolve a situation like this one, she argues that it must be the sole means of doing so, and that a § 5B affidavit is inadequate.[4]

_____

[4] We are aware of no Massachusetts law on point deciding whether the latter clause of § 24 is better read to provide a

The bank replies that § 5B affidavits can cure both substantive and technical defects in the mortgage note, and that its use in this case cannot be distinguished from Eaton.  The bank also argues that § 24 is simply a statute of repose, not "the prescription of a method for curing defects in instruments of title."  Casey, 517 B.R. at 4 (agreeing with that argument).

Determining whether a § 5B affidavit can cure a defective mortgage acknowledgement is an issue of state law that turns on the interpretation of two state statutes, § 5B and § 24.

The bank's alternative argument is that the affidavit makes the Trustee chargeable with constructive notice of the mortgage.[5]  In general, "constructive notice is a positive rule of state law that permits the prior purchaser to gain priority over a latter purchaser, regardless of whether the latter purchaser really knows of the prior purchase."  Stern v. Cont'l Assurance Co. (In re Ryan), 851 F.2d 502, 506 (1st Cir. 1988) (emphasis deleted).

---

remedy to cure any defect, or to state that a defective instrument is not made effective by the ten-year period of repose if a proceeding to escape the obligation was initiated before the passage of ten years.

[5] Bank of America does not argue that the Trustee is bound by the mortgage because it had actual knowledge of the mortgage.  See 11 U.S.C. § 544(a) (explaining that the trustee may avoid certain transfers of property and obligations "without regard to any knowledge of the trustee or of any creditor").

- 10 -

Anyone purchasing the New Bedford property would have discovered the affidavit and mortgage, the bank argues, thereby receiving notice of the mortgagee's claim. The affidavit itself identifies the parties, the amount of the loan, and the address of the property. The district court agreed, observing that the affidavit "performed all the necessary functions of a proper acknowledgement" under Massachusetts law: it identified the mortgage and affirmed that the Pereiras executed the acknowledgement voluntarily. Casey, 517 B.R. at 5.

On appeal, the Trustee argues that the affidavit cannot provide constructive notice because it is outside the chain of title. The defective mortgage alone cannot provide constructive notice, because it cannot be legally recorded. See Allen v. Allen, 16 N.E.3d 1078, 1084-85 (Mass. App. Ct. 2014) (citing Graves v. Graves, 72 Mass. 391, 392-93 (1856)). If a defective mortgage cannot provide constructive notice of itself, the Trustee argues, an affidavit that merely references a defective mortgage cannot provide constructive notice. See In re Ryan, 851 F.2d at 511-12 (holding that a properly recorded mortgage assignment could not cure a defectively recorded mortgage because it was not within the chain of title, and so could not provide constructive notice of either); Mbazira v. Ocwen Loan Servicing, LLC (In re Mbazira), 518 B.R. 11, 22-23 (Bankr. D. Mass. 2014) (holding that a certificate

- 11 -

of title noting a mortgage cannot provide constructive notice of the mortgage).

The outcome of these two state law arguments will control the case. If a § 5B affidavit can cure a defect in a mortgage's certificate of acknowledgement, or if it can provide constructive notice to a subsequent purchaser, the Trustee cannot avoid the mortgage under her 11 U.S.C. § 544(a)(3) strong-arm powers. If the affidavit is not able to perform either of those functions, the Trustee can avoid the mortgage.

B. Controlling SJC Precedent and Other Considerations

The parties have not suggested that Massachusetts courts have given reasonably clear guidance -- much less determinative precedent -- on how we should resolve these questions. Most of the cases the parties cite to us are decisions of federal courts.

In considering whether we should nonetheless "make[e] an 'informed prophecy'" rather than certify the question to the SJC, we are mindful of the risks of an erroneous decision. Ins. Co. of Pa., 2015 WL 3440342, at *5 (quoting Showtime Entm't, LLC v. Town of Mendon, 769 F.3d 61, 79 (1st Cit. 2014)). "[T]he outcome of this case has the potential to impact thousands of outstanding and future mortgages . . . ." Easthampton Sav. Bank, 736 F.3d at 52; see id. (weighing "the dollar amounts involved, the likely effects of a decision on future cases, and federalism interests" in deciding whether to certify questions).

- 12 -

As the bankruptcy court observed, "[t]he latest bunch of cases that we have with defective acknowledgements are increasing in number.  From what I've seen on my docket, there's lots more of them yet to come."  This case does not implicate only situations in which a § 5B affidavit has already been recorded to cure a defective acknowledgement, but also situations going forward. Further, if § 5B affidavits can cure the sort of material defect at issue here, future mortgagees may argue that § 5B affidavits can cure other material defects.

If that outcome were clearly correct under Massachusetts law and policy, we might nonetheless decide the case.  But this case is not one "in which the policy arguments line up solely behind one solution."  Easthampton Sav. Bank, 736 F.3d at 52 (quoting Ropes & Gray LLP v. Jalbert (In re Engage, Inc.), 544 F.3d 50, 57 (1st Cir. 2008)) (internal quotation mark omitted). On the one hand, as the district court reasoned, the Trustee's position requires agreeing that "a correcting § 5B affidavit recorded fifteen minutes after the Pereiras had left the registry would be ineffective to cure the defect that existed here. There would be no useful purpose served by such a rule."  Casey, 517 B.R. at 5.  On the other hand, as the Trustee observes, the bank's position allows the mortgagee to materially alter the mortgage by modifying the certificate of acknowledgement without the assent of the mortgagor.  Functionally, it is no different than allowing the

- 13 -

notary to correct the acknowledgement and re-record the mortgage without the mortgagors' assent, a practice generally rejected. See Logan v. WMC Mortg. Corp. (In re Gray), 410 B.R. 270, 277 (Bankr. S.D. Ohio 2009) ("[T]he vast majority of courts considering the issue . . . have held that an attempt by a notary public or other public official to correct a certification of acknowledgement after the document on which it appears has been recorded is void absent re-acknowledgment by the grantor.").

"Given the competing considerations implicated by this question of state law and policy," the significance of the question, its determinative role in this case, and the lack of clear guidance from the SJC, certification is the appropriate course. Ins. Co. of Pa., 2015 WL 3440342, at *1.


III.

For the above reasons, we certify the following questions of Massachusetts law to the Massachusetts Supreme Judicial Court:

> 1. May an affidavit executed and recorded pursuant to Mass. Gen. Laws. ch. 183, § 5B, attesting to the proper acknowledgement of a recorded mortgage containing a Certificate of Acknowledgement that omits the name of the mortgagor, correct what the parties say is a material defect in the Certificate of Acknowledgement of that mortgage?
>
> 2. May an affidavit executed and recorded pursuant to Mass. Gen. Laws. ch. 183, § 5B,

attesting to the proper acknowledgement of a recorded mortgage containing a Certificate of Acknowledgement that omits the name of the mortgagor, provide constructive notice of the existence of the mortgage to a bona fide purchaser, either independently or in combination with the mortgage?

"We would also welcome any additional observations about relevant Massachusetts law that the [SJC] may wish to offer." See Bos. Gas Co., 529 F.3d at 24; see also In re Giroux, 2009 WL 3834002, at *2. The Clerk of this court is directed to forward to the SJC, under the official seal of this court, a copy of the certified questions and our opinion in this case, along with copies of the parties' briefs and appendix, and any supplemental filings under Rule 28(j) of the Federal Rules of Appellate Procedure. We retain jurisdiction over this appeal pending resolution of the certified questions.

So ordered.